The City of Chicago, Plaintiff-Appellee, *v.* Illinois Fair Employment Practices Commission *et al.*, Defendants-Appellants.

(No. 60892; )

First District (4th Division)—November 12, 1975.

*Rehearing denied December 10, 1975.*

J. Stuart Garbutt, of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Roseann Oliver, Assistant Corporation Counsel, of counsel), for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendants, the Illinois Fair Employment Practices Commission and Eleanor Protas, appeal from a judgment of the Circuit Court of Cook County entered on June 20, 1974, which reversed in part an order entered by the Commission, against the City of Chicago, the plaintiff in the instant case.

The issues for appeal are whether the Illinois Fair Employment Practices Commission may make an award of attorneys fees in the absence of any specific statutory authority in the Fair Employment Practices Act, and whether the order of the Commission is foreclosed from attack by the 35-day time limitation set forth in the Administrative Review Act.

Eleanor Protas filed a charge of unfair employment practice before the Illinois Fair Employment Practices Commission on January 20, 1972. After a hearing the Commission ordered, *inter alia,* that the plaintiff cease and desist from certain unfair employment practices and ordered that the plaintiff compensate Eleanor Protas for her loss of wages and reasonable attorneys fees incurred as a result of the unlawful discrimination. The Commission order was entered on January 16, 1974, and was served on the parties via certified mail on January 18, 1974. The copies were received on January 21, 1974, by both parties.

The City of Chicago filed a complaint in the Circuit Court of Cook County on February 25, 1974, challenging that portion of the Commission's order which required it to compensate Protas for her reasonable attorneys fees.

The Commission moved to dismiss the complaint on the ground that it was not filed within the time prescribed by the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, § 267). On June 20, 1974, the court denied the motion to dismiss and found that the award of attorneys fees was void as being unauthorized by the Fair Employment Practices Act and entered judgment for the plaintiff.

The defendants contend the Fair Employment Practices Act authorizes a recovery of reasonable attorneys fees and litigation costs by a successful plaintiff in an action before the Illinois Fair Employment Practices Commission. They concede that the well established principle in this State and in American jurisprudence is that attorneys fees and other costs of litigation are ordinarily not recoverable by the prevailing party in litigation unless authorized by statute or contract, citing *Fleischmann Distilling Corp. v. Maier Brewing Co.* (1967), 386 U.S. 714, 18 L.Ed.2d 475, 87 S.Ct. 1404; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill.2d 45; 15 Ill. L. & Pr. *Damages* § 62 (1968). Also see *Ritter v. Ritter* (1943),

381 Ill. 549; *People ex rel. Henderson v. Redfern* (1968), 104 Ill.App.2d 132; and Opinions of the Attorney General No. S-249 (December 29, 1970).

Their argument is that the specific authorization may be found in section 8.01(c) of the Act (Ill. Rev. Stat. 1973, ch. 48, § 858.01(c).) In that section, upon a finding that the charge of discrimination is true, the commissioner or hearing examiner is authorized to issue a recommended order requiring the respondent "to cease and desist from the unfair employment practice complained of, and to take such further affirmative or other actions with respect to the complainant as will eliminate the effect of the practice complained of." Because the section is general rather than specific, the defendants argue the section must be construed in a manner which will sustain the award of attorneys fees in order not to frustrate the purposes of the Act. *Carrigan v. Liquor Control Com.* (1960), 19 Ill.2d 230; *Petterson v. City of Naperville* (1956), 9 Ill.2d 233.

They cite *Hall v. Cole* (1973), 412 U.S. 1, 36 L.Ed.2d 702, 93 S.Ct. 1943, and *Mills v. Electric Auto-Lite Co.* (1970), 396 U.S. 375, 24 L.Ed.2d 593, 90 S.Ct. 616, for the proposition that in not enumerating any remedies in the Statute, the legislature intended to foreclose none, and to imply such restrictions with respect to an award of attorneys fees would be to distort the meaning of the Statute which requires the Illinois Fair Employment Practices Commission to "eliminate the effect" of the discrimination. The defendants argue that the procedures contemplated by the Act necessitate the services of an attorney, and to require persons who have little or no income to hire an attorney before they can secure the protection of the Act, effectively deprives them of a remedy.

*Hall v. Cole* is also cited for the principle that an award of attorneys fees may be granted even though not explicitly provided for in the statute. However, the court in that case found that there were only two exceptions to the American rule which prohibits an award of attorneys fees in the absence of an express statutory authorization: one, where there is "bad faith" on the part of one of the parties; and two, where there is a "common benefit" to all the members of a definable class where the plaintiff not only vindicated his own rights, but also furthered the interest of the class as well.

It is manifest that neither of those exceptions are applicable to the instant case. Furthermore, in the case of *Alyeska Pipeline Service Co. v. Wilderness Society* (1975), 421 U.S. 240, 247, 44 L.Ed.2d 141, 147, 95 S.Ct. 1612, 1616, the Supreme Court cited *Hall v. Cole* for the general rule that a litigant must pay his own attorneys fees and stated:

> "We are asked to fashion a far-reaching exception to this 'American rule'; but having considered its origin and development, we

are convinced that it would be inappropriate for the Judiciary, without legislative guidance, to reallocate the burdens of litigation * * *."

■■ In view of this specific language affirming the traditional "American rule" we find that there can be no award of attorneys fees in the absence of specific language in the Act, and the order of the Commission was void. We reach this result despite the well reasoned briefs of the defendants and the *amici curiae* briefs filed on behalf of the defendants.

The defendants also contend the court was without jurisdiction to reverse the Commission's order because the complaint was not timely filed as required by section 4 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, § 267). That section provides that an action to review a final administrative decision shall be commenced by the filing of a complaint "within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." The defendants contend the complaint was filed 39 days after service and argue that the 35-day limitation is jurisdictional, and that failure to file within that period forecloses a party from obtaining review. *People ex rel. Ryan v. Civil Service Com.* (1969), 117 Ill.App.2d 50; *Johnson v. State Police Merit Board* (1968), 99 Ill.App.2d 458; Ill. Rev. Stat. 1973, ch. 110, § 265.

■■ Because the order of the Commission awarding attorneys fees was void, we hold that section 4 of the Administrative Review Act limiting the time for seeking review to 35 days is not applicable. An order entered by a court which lacks the inherent power to make or enter the particular order involved is void, and may be attacked at any time and in any court either directly or collaterally. *Barnard v. Michael* (1945), 392 Ill. 130; *Cherin v. R & C Co.* (1957), 11 Ill.2d 447; *Shady v. Shady* (1973), 10 Ill.App.3d 801.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.