BYRON MATERIAL, INC., Plaintiff-Appellee, *v.* HERMAN ASHELFORD *et al.*, Defendants-Appellants.

(No. 74-127;

Second District (1st Division)—December 23, 1975.

Gilbert N. Ellsworth, of Rockford, for appellants.

Robert C. Moehle and David A. Smith, both of Garard & Moehle, of Oregon, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The basic issue presented in this case is whether the transfer of an undivided one-half interest in leased property from one cotenant in common to another cotenant in common is a sale to a bona fide purchaser within the meaning of a lease, thereby giving rise to the lessee's right of first refusal under the terms of the lease. The trial court held that

such a transfer was a sale, thereby giving rise to the lessee's right of first refusal. The lessor-purchasers appeal.

The defendants, Herman Ashelford, his wife Lulu, Walter Ashelford and his wife Agnes, were the owners of the subject property, a stone quarry and gravel pit in Ogle County, at tenants in common. On June 1, 1967, defendants entered into a lease with the plaintiff for a term of 5 years. The lease provided for a renewal for an additional 5-year term upon notice of intent to renew given by registered mail 60 days prior to the expiration of the initial term. The lease also recited that the lessors, who were described in the lease as "Party of the First Part," granted to the lessee, described as "Party of the Second Part":

> "* * * an option, during the term of this lease or any extention thereof, to purchase all of the premises covered by this lease at the same terms and conditions as offered by any bona fide purchaser, and that before accepting any offer from any bona fide purchaser, the party of the first part agrees to give the party of the second part thirty days in which to accept or refuse the terms offered by the bona fide purchaser."

On February 28, 1973, following the renewal of the lease for an additional 5-year term, which renewal was the subject of an evidentiary hearing below, Herman and Lulu Ashelford, by warranty deed, conveyed their undivided one-half interest in the leased premises to Walter and Agnes Ashelford for a valuable consideration. It appears that this transfer was the result of settlement negotiations between the Ashelfords of two partition suits between the parties. In exchange for the undivided one-half interest of Herman and Lulu Ashelford in the leased premises and other property, Herman and Lulu Ashelford received the sum of $73,480.73 and other property. The plaintiff was not given notice of this conveyance nor an opportunity to accept or refuse the terms offered and on May 30, 1973, filed the instant complaint for declaratory judgment.

Since the filing of the complaint, Byron Materials merged into another corporation and Baeco, Inc., the survivor corporation, was substituted as party plaintiff. In its complaint plaintiff prayed for a declaration that it was the lessee of the subject property as the result of a proper renewal thereof and that the conveyance of the undivided one-half interest in the property from one cotenant to the other gave rise to plaintiff's right of first refusal under the lease. To effectuate the latter right, should the court declare it to exist, plaintiff further prayed that it be granted 30 days after receiving notice of the terms and conditions of the offer in which to accept or refuse said offer. Plaintiff also petitioned the court for a temporary order directing plaintiff to deposit one-half of the

monthly royalty payments which it was required to pay to defendants under the terms of the lease in a bank during the pendency of the suit. On June 15, 1973, the trial court entered a temporary order in accord with plaintiff's petition.

Following an evidentiary hearing, the trial court entered a declaratory judgment, finding that the subject lease had been properly extended and was a valid and binding agreement between the parties. The trial court further found that the conveyance of the undivided one-half interest by Herman and Lulu Ashelford to Walter and Agnes Ashelford,

> "* * * is a sale giving rise to the rights of the plaintiff to purchase said premises on the same terms and conditions as offered by a bona fide purchaser within 30 days of receipt of terms of offer, under the Option contained in said Lease."

Following the denial of their motion for rehearing, the defendants Walter and Agnes Ashelford appealed.

Defendants' first allegation of error is that the trial court erred in finding that a valid and binding lease existed between the parties. Defendants assert three reasons for this allegation of error. First, that plaintiff failed to sustain its burden of proving that a proper notice of renewal had been sent in accord with the lease provisions. Second, the defendants assert that the lease requires an adjustment of rental price upon renewal of 10% of the difference between plaintiff's retail prices on June 1, 1967, and May 31, 1972, and that plaintiff failed to show that such rental adjustment had been made. Finally, defendants assert that the finding that a valid lease exists between plaintiff and defendants is inconsistent with a finding that two of the defendant lessors conveyed away their interest in the subject premises.

■■ Defendants' first argument, that plaintiff's evidence of renewal was insufficient, is clearly without merit. Plaintiff introduced into evidence a notice of renewal dated March 8, 1973, and two signed registered receipt cards. One of the cards was signed by one Helen Best, daughter of Herman and Lulu Ashelford and admittedly received by Herman and Lulu Ashelford. The second card was purportedly signed by Walter and Agnes Ashelford. Walter Ashelford denied that he signed the card, denied receipt of the notice and denied that the card bore the signature of Mrs. Ashelford. Agnes Ashelford testified that the writing of her name on the card looked like her signature but she wasn't sure if it were her signature. She did not unequivocally deny that it was her signature. The question of whether notice of intent to renew was properly given in accord with the lease was, in this case, a question of fact. In view of the signed registered receipt card introduced into evidence, and the equivocal testimony of Agnes Ashelford, we cannot say that the finding that

the notice was properly given was against the manifest weight of the evidence.

■■ Second, we find the fact that the parties had failed to agree upon the rental price for the second term does not operate to void the entire lease since the lease plainly sets forth the method by which such adjustment is to be made and since such method is neither uncertain nor indefinite. See generally 50 Am.Jur.2d *Landlord and Tenant* §§ 1165–1167 (1970).

■■ Defendants' final argument relative to the finding that a valid lease existed between all the parties is correct in part. In our view, the premise upon which plaintiff's argument, relative to its right of first refusal, is based—*i.e.*, the conveyance from Herman and Lulu to Walter and Agnes —is inconsistent with the finding that a valid lease existed between plaintiff and Herman and Lulu Ashelford. The conveyance by Herman and Lulu of their interest in the leased premises operated to terminate their interest in the premises. The finding that a valid lease existed between the plaintiff and defendants Herman and Lulu is thus in error. The finding that a valid lease exists between the plaintiff and the defendants Walter and Agnes Ashelford was proper.

We then turn to the principal question presented, whether the transfer by Herman and Lulu of their undivided one-half interest in the subject property to Walter and Agnes gave rise to plaintiff's right of first refusal under the lease. The defendants contend that cotenants in common are not "bona fide purchasers" and that the right to purchase "all of the premises" is not activated by a conveyance of an undivided one-half interest.

■■ In pertinent part, the trial court entered the following declaratory judgment order:

> "2. The sale by Herman Ashelford and Lulu Ashelford to Walter J. Ashelford and Agnes Ashelford, of an undivided ½ interest in and to the premises described in the lease dated June 1, 1967, and other land, by deed dated February 28, 1973 and recorded in Book 276 of deeds page 639, is a sale giving rise to the rights of the plaintiff to purchase said premises on the same terms and conditions as offered by a bona fide purchaser within 30 days of receipt of notice of terms of offer, under the option contained in said Lease."

We disagree. In the lease itself the lessors, the grantors of the option in discussion herein, are referred to as "Party of the First Part." It is well established that in construing a contract, the words used are to be given their usual, normal and natural meaning. (See *Knockaert v. Studebaker Corp.* (1967), 84 Ill.App.2d 16, 228 N.E.2d 101.) We find that the term

"Party of the First Part" as used in the instant lease includes all of the lessors. We do not find that the transfer of title between members of the "Party of the First Part," *i.e.*, from Herman Ashelford and Lulu Ashelford, party of the first part, and Walter J. Ashelford and Agnes Ashelford, also a party of the first part, constitutes a bona fide sale nor does it make a "Party of the First Part" a bona fide purchaser. The lessee herein has neither gained nor lost by this transfer within the "Party of the First Part."

The record discloses that the transfer was the result of two partition suits brought by Herman and Lulu Ashelford against Walter J. and Agnes Ashelford, resulting in an exchange of property, including the subject property, and the payment of the sum of $73,480.73. We have been unable to find any precedent for this finding but are satisfied that, within the meaning of the lease herein, transfer of title between members of the "Party of the First Part," under the facts herein, did not constitute a bona fide sale.

Defendants further question the propriety of declaratory judgment in the case at bar. Since defendants not only failed to raise this issue in the trial court, but affirmatively prayed for declaratory relief by their answer, we find that defendants have waived this issue on appeal.

■■ The final issue to review concerns the temporary order relating to the deposit of one-half of the royalty payments in the First National Bank of Byron, Illinois. These funds represented the one-half interest which had previously been paid to Herman and Lulu Ashelford. We hold that these funds are properly payable to Walter and Agnes Ashelford, parties of the first part and owners of the property in question.

We therefore find, as indicated above, that a valid lease exists between plaintiff and defendants Walter and Agnes Ashelford; that the transfer herein did not constitute a "sale" within the terminology of the contract herein giving the plaintiff the right of first refusal; and that the temporary injunction requiring the deposit of one-half of the royalty payments during the pendency of this cause be vacated and said funds paid to Walter J. and Agnes Ashelford.

We therefore reverse the judgment in part and remand the case to the trial court with directions to enter judgment consistent with our findings herein.

Reversed in part and remanded with directions.

SEIDENFELD and HALLETT, JJ., concur.