M. A. QAZI, Plaintiff-Appellant, *v.* RAFIQ ISMAIL, Defendant-Appellee.
First District (4th Division)   No. 76-1341

Opinion filed June 9, 1977.

John A. Hyde, of Calumet City, for appellant.

No brief filed for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

The plaintiff, M. A. Qazi, brought this action in the circuit court of Cook County against the defendant, Rafiq Ismail, to recover the balance due on a contract for the sale of a retail business. The issue for review is whether a provision of a contract requiring that the party violating the agreement be liable for "all costs and consequences," includes attorney's fees. The trial court held that it did not. We affirm.

■■   No brief has been filed by the defendant-appellee. Nevertheless, this court will consider the case on the merits since the issue and the record are of such nature that it may be decided without the aid of

appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Co.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On July 27, 1974, the plaintiff and defendant entered into a contract for the sale of the Sultan's Harem, a retail establishment in Chicago, Illinois. The purchase price as adjusted was $5,750. The contract provided that $3,000 of the purchase price was to be paid upon signing the contract, and the balance was to be paid in installments of $1,000 each, and that the entire amount was to be paid by December 31, 1974.

The plaintiff alleged in the complaint that the defendant paid a total of $4,000 in installments, but only after the plaintiff retained an attorney, and that on July 18, 1975, the defendant gave plaintiff a written admission of a balance due of $1,750 and promised payment by November 18, 1975. On January 30, 1976, the plaintiff filed this action praying for the balance of $1,750 and attorney's fees of $1,508. In his answer, the defendant admitted making the written statement of owing $1,750. The court found for the plaintiff in that amount, but denied the claim for attorney's fees.

The plaintiff contends the contract provision contemplates the inclusion of attorney's fees. The relevant portion of the contract provides:

> "14. In case of any disputes, the two parties will resort to reconciliation through a mediator. In case, these cannot be settled by negotiations, all disputes will be settled in a Chicago court according to the laws of Illinois prevailing at that time.
>
> * * *
>
> 16. In case of any legal action arising out of the above default, the party in violation will be responsible for all costs and consequences."

The plaintiff contends he does not seek an award of attorney's fees under statutory authority or by operation of law as a part of the "costs," incident to a judicial proceeding. Rather, he seeks construction of the contract to include the award of attorney's fees, arguing that the contract specifically contemplates the possibility of legal action in paragraph 14, and that attorney's fees are part of the "consequences" which arise from litigation as provided in paragraph 16.

■■ In construing a contract the primary object is to give effect to the intention of the parties (*Burns v. Ford Motor Co.* (1974), 29 Ill. App. 3d 585, 590, 331 N.E.2d 325; *Schek v. Chicago Transit Authority* (1969), 42 Ill. 2d 362, 364, 247 N.E.2d 886), and the words used are to be given their usual, normal and natural meaning. *Byron Material, Inc. v. Ashelford* (1975), 34 Ill. App. 3d 301, 339 N.E.2d 26; *Goble v. Central Security Mutual Insurance Co.* (1970), 125 Ill. App. 2d 298, 302, 260 N.E.2d 860.

■■ The well-established principle in this State is that attorney's fees and other costs of litigation are ordinarily not recoverable by the prevailing party unless specifically authorized by statute or contract.

(*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 442, 343 N.E.2d 479; *Ritter v. Ritter* (1943), 381 Ill. 549, 553, 46 N.E.2d 41; *City of Chicago v. Fair Employment Practices Com.* (1975), 34 Ill. App. 3d 114, 115, 339 N.E.2d 260, *affirmed*, 65 Ill. 2d 108, 357 N.E.2d 1154.) There is no common law principle allowing attorney's fees either as costs or damages. *People ex rel. Henderson v. Redfern* (1968), 104 Ill. App. 2d 132, 135, 243 N.E.2d 252.

Statutes which provide for the award of attorney's fees to a successful litigant do so only in specific language. In the case of *Waller v. Board of Education* (1975), 28 Ill. App. 2d 328, 331, 328 N.E.2d 604, the court stated:

> "The legislature has in the past *specifically* provided for attorneys' fees where it wished to, and the courts have refused to interpret imprecise language as permitting attorneys' fees.
>
> &ast; &ast; &ast;
>
> The legislature has determined when attorney's fees should be awarded. It has been done by specific language such as listing 'attorney's fees' to overcome the common law rule. Where they have not used such specific language, the courts have consistently refused to give an expanded reading to the legislative language used."

Also see *Insurance Co. of North America v. J. L. Hubbard Co.* (1974), 23 Ill. App. 3d 254, 262, 318 N.E.2d 289, and *City of Chicago v. Fair Employment Practices Com.* (1975), 34 Ill. App. 3d 114, 339 N.E.2d 260, *affirmed*, 65 Ill. 2d 108, 357 N.E.2d 1154.

■■ ■ Similarly, in view of the established rule of statutory construction, we find that a court may not award attorney's fees as a matter of contractual construction in the absence of specific language. In the case of *Reese v. Chicago, Burlington & Quincy R.R. Co.* (1972), 5 Ill. App. 3d 450, 458, 283 N.E.2d 517, *affirmed*, 55 Ill. 2d 356, 303 N.E.2d 382, in construing a contract of indemnity, the court held that expenses and attorney's fees are recoverable only where required by the specific terms of a written contract. In this case there was no evidence presented at the trial to indicate what the parties meant by the word "consequences," and we will not speculate that the meaning of that term included attorney's fees.

For these reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.