INEZ SINGLETON, Adm'r of the Estate of Willie H. Washington, Deceased, *et al.*, Plaintiffs, *v.* THE COUNTY OF COOK *et al.*, Defendants.—(THE COUNTY OF COOK, Third-Party Plaintiff-Appellant, *v.* ARCOLE MIDWEST CORPORATION, Third-Party Defendant-Appellee.)

First District (3rd Division)    No. 76-1272

Opinion filed October 19, 1977.

Barbara H. Fredericks, of Pretzel, Stouffer, Nolan & Rooney, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (C. Roy Peterson, Toni McNamara, and Hugh C. Griffin, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This is an appeal from an order dismissing an amended count III of the County of Cook's third-party complaint which sought indemnification from Arcole Midwest Corporation for all costs, attorney's fees, and other expenses in defending against plaintiff's action. The count in question was based upon an indemnification agreement incorporated into the construction contract entered into between Arcole and the county.

Plaintiffs brought this action against the county for the death of Willie H. Washington. They charged that Washington's death from injuries suffered while working on a county highway construction project was caused by the county's negligence and violations of the Structural Work Act. After answering plaintiffs' complaint, the county filed a third-party complaint against Washington's employer, Arcole. Count III of the third-party complaint sought complete indemnity based upon the hold

harmless provisions contained in the construction contract between Arcole and the county which was executed on October 16, 1972. Arcole agreed to "indemnify and save harmless" the county "against all loss, damage or expense that it * * * may sustain as a result of any suits, actions or claims of any character." The trial court struck count III on the ground the hold harmless provisions were rendered void by legislative act effective September 23, 1971. (Ill. Rev. Stat. 1971, ch. 29, par. 61.) The county then filed an amended count III again asserting the indemnity provisions of the construction contract, but seeking only to recover costs, attorney's fees and other expenses incurred by the county in defending against the plaintiffs' action and in prosecuting the third-party complaint. The trial court entered an order dismissing the amended count III of the third-party complaint and found no just reason to delay enforcement of or appeal from said order. In so holding, the court expressly relied on the provisions of section 1 of "An Act in relation to indemnity in certain contracts" (Ill. Rev. Stat. 1971, ch. 29, par. 61) and also upon the holding of *Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 336 N.E.2d 881.

The act in question provides as follows:

"§61. Indemnification of person from person's own negligence—Effect—Enforcement. With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable." (Ill. Rev. Stat. 1971, ch. 29, par. 61.)

In *Davis v. Commonwealth Edison Co.*, the court upheld the constitutionality of the foregoing statute and construed it to apply to indemnity agreements against structural work act liability as well as negligence.

■■ The trial court in holding that the act rendered the entire indemnity agreement void including reimbursement for expenses and attorney's fees, filed a memorandum opinion. In that opinion, the trial court quoted the following from *Davis*:

"The legislature in enacting section 1 may have considered that the widespread use of these agreements in the industry may have removed or reduced the incentives to protect workers and others from injury. * * * The statute would thwart attempts to avoid the consequences of liability and thereby insure a continuing

motivation for persons responsible for construction activities to take accident prevention measures and provide safe working conditions." (61 Ill. 2d 494, 499.)

The trial court went on to state in its opinion: "Surely included among the 'incentives to protect workers and others from injury', would be the avoidance of payment not only of the judgment itself, but also expenses and attorney's fees, which, in many instances, rise to substantial sums of money, as 'consequences of liability'." We agree with the reasoning of the trial court and adhere to its decision. The indemnity agreement between county and Arcole sought to do what the legislature had forbade, indemnify a person from his own negligence. As such, the agreement was void and wholly unenforceable.

■■ Moreover, expenses and attorney's fees are recoverable only where required by the specific terms of a written contract of indemnity. (*Reese v. Chicago Burlington & Quincy R.R. Co.* (1972), 5 Ill. App. 3d 450, 283 N.E.2d 517, aff'd (1973), 55 Ill. 2d 356, 303 N.E.2d 382.) In that case, the court held that an agreement to indemnify for costs does not obligate the indemnitor to pay attorney's fees. In *Wiegel v. One LaSalle Co.* (1966), 75 Ill. App. 2d 272, 221 N.E.2d 117, the court refused to allow attorney's fees or expenses because there was no express language in the contract providing such recovery. In the present case, the county relies on the language contained in the agreement that "the contractor shall 'indemnify and save harmless' the County against all loss, damage or expense that it may sustain as the result of any suits, actions or claims." The agreement did not even refer to attorney's fees and costs, and those items are not recoverable.

For the foregoing reasons, the order of the circuit court of Cook County dismissing amended count III of the third-party complaint is affirmed.

Order affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.