**BOULEVARD BANK NATIONAL ASSOCIATION, Plaintiff,**

v.

**PHILIPS MEDICAL SYSTEMS INTERNATIONAL B.V. and N.V. Philips' Gloeilampenfabrieken, Defendants.**

**No. 91 C 4557.**

United States District Court, N.D. Illinois, E.D.

July 19, 1993.

Frederic R. Klein, Mindy Block Gordon, Steven A. Levy, David S. Heller, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL, for plaintiff.

Robert J. Rubin, Darren Brett Watts, Altheimer & Gray, Chicago, IL, for defendants.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is plaintiff Boulevard Bank National Association's ("Boulevard") motion to amend judgment. For the following reasons, the motion is granted.

## DISCUSSION

On January 13, 1993, the court entered an Order and Judgment in favor of Boulevard and against defendants Philips Medical Systems International B.V. and N.V. Philips' Gloeilampenfabrieken (collectively, "Philips"), 811 F.Supp. 357. The order awarded the following damages to Boulevard: "$985,-998.79 in principal due under the Guaranty; $28,417.69 in interest due under the Guaranty as of November 25, 1992, plus interest which has accrued subsequent to that date; and collection costs which, through October 31, 1992, amount to $151,435.23." Boulevard now seeks to amend the court's judgment to include the interest accrued and the collection costs incurred by Boulevard through January 13, 1993, the date of the judgment.

In response to Boulevard's motion, Philips makes no objection to the additional interest award, which in any event was intended by the court to be included in the January 13, 1993 order. With regard to the award of collection costs, however, Philips not only objects to Boulevard's proposed amendment, but raises for the first time an objection to the courts award of attorneys' fees. According to Philips, Boulevard is not entitled to any attorneys' fees for two reasons: first, Philips contends that the collection costs do not include the attorneys' fees and related litigation expenses incurred in collecting the amounts due under the $1.4 million loan guaranteed by Philips; second, Philips claims that Boulevard's attorneys' time records are insufficient to support the award of attorneys' fees.

Regarding the award of attorneys' fees, Philips attacks the language used in the Commitment Letter, the instrument pursuant to which Philips agreed to guarantee payment of the loan principal, accrued interest, and "collection costs." According to Philips, under Illinois law, a court may not award any attorneys' fees based upon a contractual provision where the provision does not specifically mention "attorneys' fees." Philips has misinterpreted Illinois law. As noted by Philips, an illustrative case addressing this issue is *Prudential Ins. Co. v. Curt Bullock Builders, Inc.*, 626 F.Supp. 159 (N.D.Ill.1985), where Chief Judge Moran stated "[t]o have a contractual right to attorneys' fees in Illinois, that *right* must be specifically mentioned in the contract." *Id.* at 170 (emphasis added).

Philips argues that the phrase "collection costs" is not sufficiently explicit to warrant an award of attorneys' fees under Illinois law. In determining what constitutes language sufficient to indicate attorneys' fees, the Illinois courts have held that the word "costs" is exiguous. *See Reese v. Chicago, Burlington & Quincy R.R.*, 5 Ill.App.3d 450, 283 N.E.2d 517 (1972) (the term "costs" used in a contract of indemnity did not include attorney's fees). Furthermore, cases have held that promises to pay amounts identified by terms such as "consequences" and "expenses" do not constitute promises to pay attorneys' fees. *See Qazi v. Ismail*, 50 Ill. App.3d 271, 7 Ill.Dec. 434, 364 N.E.2d 595 (1977) ("consequences"); *Singleton v. County of Cook*, 53 Ill.App.3d 994, 11 Ill.Dec. 773, 369 N.E.2d 227 (1977) ("expenses"); *see also Nalivaika v. Murphy*, 120 Ill.App.3d 773, 76 Ill.Dec. 341, 458 N.E.2d 995 (1983) (agreement to indemnify party from "any claim" not specific enough to support allowance of attorneys' fees). These cases, however, all cited by Philips in its response to Boulevard's motion, are not dispositive of the instant case; none of the authorities cited by Philips were charged with interpreting the phrase

"collection costs" within the context of a contractual agreement between private parties.

Philips alleges that the reference in the Commitment Letter to "collection costs" is identical in form and substance to a contractual provision permitting the recovery of "costs" or "expenses." The court, however, is loath to interpret a contractual term in a manner that would render such term meaningless. In the instant case, Boulevard did not employ the term "costs" or "expenses" when they drafted the Commitment Letter; it chose instead the more expansive "collection costs." The court believes that this broad language is sufficiently clear to manifest the intent of the parties to remove this phrase from the technical meaning of court fees, which defendant now urges upon the court. Although Boulevard could have used the terms "attorneys' fees" or "counsel fees," the terms "collection costs" are sufficiently clear so that reasonable persons would believe the terms included attorneys' fees. *See* BLACK'S LAW DICTIONARY 312 (5th ed. 1979) ("costs of collection" as used in connection with promissory notes "is synonymous with attorney's fees"). The court finds that the terms "collection costs" express the intent of the parties, at the time that the Collection Letter was signed, to provide for the reimbursement of Boulevard's attorneys' fees in the event Boulevard was forced to litigate the enforcement of Philips' guaranty. *See Meeker v. Fowler,* 35 Ill.App.3d 313, 341 N.E.2d 412 (1976) ("collection charges" includes attorneys' fees); *cf. First Nat. Bank & Trust v. Wissmiller,* 182 Ill.App.3d 481, 131 Ill.Dec. 2, 538 N.E.2d 190 (1989) (court awarded "collection costs, including reasonable attorney fees"); *WrenField Homeowners Ass'n, Inc. v. DeYoung,* 410 Pa.Super. 621, 600 A.2d 960 (1991) (phrase "costs of collection" includes attorneys' fees; the two expressions are interchangeable); *McClain v. Continental Supply,* 66 Okl. 225, 168 P. 815 (1917) (the following provisions have the same meaning: "attorney's fees," "collection fees," "costs of collection," and "expenses of collection"). Under the Commitment Letter, Boulevard is entitled to collect all its expenses, including attorneys' fees, disbursements, and costs, incurred through January 13, 1993, in its efforts to force Philips to comply with its guaranty agreement.

■ Philips contends that, even if attorneys' fees are awarded in this litigation, Boulevard's attorneys have not presented sufficient evidence from which the court can determine the reasonableness of the fees requested. Despite Philips contention, the court finds Boulevard's attorneys' time statements to be an adequate, detailed, contemporaneous record, sufficient to render a finding of reasonableness. The descriptions of the services performed by Boulevard's attorneys contain the requisite degree of specificity necessary for the court to determine the time expended on each task performed, who performed them, how they related to the litigation and whether they were necessarily required; accordingly, the court finds the fee descriptions reasonable and compensable.

### CONCLUSION

For the foregoing reasons, the court's order dated January 13, 1993, is amended to include interest accrued and collection costs incurred through January 13, 1993. Accordingly, the defendants, Philips Medical Systems International B.V. and N.V. Philips' Gloeilampenfabrieken are jointly and severally ordered to pay Boulevard the following amounts: $985,998.79 in principal due under the Guaranty; $36,469.86 in interest due under the Guaranty as of January 13, 1993, plus interest that has accrued subsequent to that date; and collection costs that, through January 13, 1993, amount to $208,801.05.

IT IS SO ORDERED.