PATRICK CALLAGHAN & another *vs.* BENJAMIN HAWKES.

Essex.    November 8. — 14, 1876.    COLT, DEVENS & LORD, JJ., absent.

A clause in a lease, that the lessor shall have the right to sell the demised premises at any time covered by the lease, by giving the lessee two months' notice and the privilege of purchasing at the price offered, is enabling and not restrictive ; and a sale of the premises subject to the lease, without notice or proffer to the lessee, is not a breach thereof, entitling the lessee to maintain an action.

CONTRACT for breach of the covenants of a lease for two years of a farm in Marblehead, from the defendant to the plaintiffs. The lease contained the following clauses : " And the said Hawkes shall have the right to sell and dispose of the farm and buildings at any time covered by this lease, by giving said Callaghans two months' notice thereof, and also by giving them the privilege of purchasing at the same price any other person may offer." " And said Callaghans, in event of a sale of the property herein leased, shall have the privilege of taking off the crops, excepting as much of them as may be required to sat-

isfy any claim under this lease for rent that may be due and unpaid."

At the trial in the Superior Court, before *Lord*, J., the plaintiffs put in evidence a deed of the demised premises from the defendant to one Beckford, dated December 5, 1873, by which the defendant covenanted that the premises were free from all incumbrances, " excepting a lease of said premises to Patrick Callaghan which is dated April 1, 1872, and expires April 1, 1874." · The plaintiffs also offered evidence tending to prove that the defendant gave them no previous notice of his intention to sell, and no opportunity to purchase, either by disclosing the terms or price of sale, or by proffering to them any deed of the farm.

The defendant contended that this evidence had no tendency to show any breach of the covenants of the lease declared upon; and that, as the deed did not convey any part of the term demised, and was made expressly subject to the lease, and as it did not appear that the plaintiffs were in any way prevented from occupying and enjoying the premises during the whole of their term, they could not maintain this action.

By consent of parties, the judge took the case from the jury and reported it for the consideration of this court. If the sale of the farm by the deed above mentioned, without notice thereof, or of the terms and price of such sale, or proffer of a deed to the plaintiffs, was a breach of the covenants of the defendant, entitling the plaintiffs to maintain this action, the case was to stand for trial; otherwise, judgment to be entered for the defendant.

*D. Roberts*, for the plaintiffs.

*S. B. Ives, Jr.*, for the defendant.

GRAY, C. J.   The clause in question, in form and necessary legal construction, is enabling and not restrictive, and confers upon the lessor a right which he would not otherwise have had. Independently of, and notwithstanding this clause, he may sell the reversion.   The whole effect of the clause was to enable him to terminate the lease, and sell the whole estate, first giving the lessees the opportunity of purchasing.   This construction is fortified by the final clause, which allows to the lessees, in case of sale, the privilege of taking off the crops.

*Judgment for the defendant.*