Merrimack,
No. 4656.

LINWOOD LOWELL

*v.*

FIRST CHURCH OF CHRIST, SCIENTIST & a.

Argued June 3, 1958.

Decided July 1, 1958.

364

*Charles W. Tobey, Jr.* (by brief and orally), for the plaintiff.

*Upton, Sanders & Upton* and *Wesley E. Whitney* (*Mr. Whitney* orally), for the defendants.

DUNCAN, J.  The ground upon which the Trial Court relied in granting the defendants' motion to dismiss does not appear.  In *Robinson Company* v. *Drew*, 83 N. H. 459, 461, this court said: "If [the optionor] says that he may decide to sell and that if he does, he will give the optionee the right to buy at the price he sets, the optionee, having given consideration, has acquired a conditional right to buy, and the fulfillment of the conditions makes the right capable of enforcement."  The principle so stated is applicable to the case before us even though the price was here to be determined by the amount of an acceptable bona fide offer to buy, rather than that of a selling price set by the optionor himself.  When an acceptable price was offered by the defendants Metro to the defendant church, the plaintiff's right to buy became capable of enforcement.  See 1 Corbin, Contracts, *s.* 261; 2 Powell, Real Property, *s.* 244.

The bill could not properly be dismissed upon the basis of *Blanchard* v. *Ames*, 60 N. H. 404, relied upon by the defendants both in this court and in the court below.  That case involved a lease for a term of six years by which the lessor had reserved the right to sell the leased water power after two years, "giving [the lessee] the first right to purchase the same, providing he will give the same amount other parties will give."  Instead of terminating the lease, the lessor conveyed the water power by deed reserving the lease and the plaintiff's right of occupancy for the balance of the term.  In holding that the conveyance without prior offer to the lessee was not a breach of the covenant, the court pointed out that the purpose of the agreement was to enable the plaintiff to enjoy the full term of the lease, and that it was not "an independent stipulation, but an agreement to preserve to the plaintiff the enjoyment of the water-power for the whole six years on the condition named . . . . " (*Id.*, 406), a purpose which was accomplished by reservation of the lessee's rights on conveyance.  Provisions comparable to those of the lease in the *Blanchard* case *supra* were described in *Callaghan* v. *Hawkes*, 121 Mass. 298, 299 as "enabling and not restrictive," conferring upon the lessor "a right which he would not otherwise have had," and were similarly construed.  See

*Levy* v. *Peabody,* 238 Mass. 164, accord. See also, anno. 136 A. L. R. 138, 146; 2 Tiffany, Landlord & Tenant 1679.

The provisions of the lease which the plaintiff in this case seeks to enforce did not manifest a similar purpose to permit the lessor to terminate the lease by sale, subject only to the plaintiff's pre-emptive right to buy. The provisions in the plaintiff's lease were restrictive, and independent of any right of the lessor to terminate the lease, thus entitling the plaintiff to an opportunity to purchase in the event of sale, even though his lease was not to be terminated by the sale. The agreement of the parties precluded sale during the lease unless the lessee should be afforded the first opportunity to buy. In such circumstances conveyance by the lessor's successor was a breach, even though the conveyance was subject to the lease. *Robinson Company* v. *Drew,* 83 N. H. 459, *supra.*

The plaintiff's standing to seek specific performance is not open to serious question in other respects. His status as a tenant in possession under the lease was not left in doubt, since the Trial Court permitted the case to be reopened for proof of the several renewals.

While no proof was offered of the plaintiff's ability to pay a price of $10,500, his pleadings allege that he is "ready, willing and able to pay" the amount paid by the defendants Metro. This is commonly regarded as sufficient. 4 Pomeroy, Equity Jurisprudence (5th *ed.*) *s.* 1407a. Since the evidence indicates that the option was repudiated by the defendant church, equity would not require that the plaintiff show a useless tender. I American Law of Property *s.* 3.82; *Durepo* v. *May,* 73 R. I. 71. If the plaintiff is entitled to the relief sought the defendants can be protected by a conditional decree providing for payment by the plaintiff upon conveyance of the premises. *Lessard* v. *Sleeper,* 96 N. H. 268.

The defendants' further argument that the plaintiff is estopped to maintain his bill because he has recognized the defendants Metro as his landlords cannot be accepted. Recognition that they were in fact owners of the reversion was not necessarily inconsistent with the plaintiff's claim that he was deprived of an opportunity to purchase. If the conveyance to the Metros was made subject to the plaintiff's rights as tenant, it was nevertheless sufficient to pass title to the reversion, even though subject to a duty to convey to the plaintiff should he be entitled to enforce his pre-emptive right. See *Swanson* v. *Priest,* 95 N. H. 64.

In support of their motion to dismiss the defendants raised no

issue of hardship to them and the conveyance between them contained notice of the rights of tenants at least sufficient to put the defendants Metro upon inquiry. A finding that specific enforcement of the contract would work unnecessary hardship would not have been warranted as the evidence stood. "If discretion was exercised it does not clearly appear upon what evidence the result was reached." *Gerry* v. *Neugebauer*, 83 N. H. 23, 27. Because the dismissal was entered at the close of the plaintiff's evidence, the defendants have had no opportunity to present the defenses pleaded by their answer. The issue of the plaintiff's equitable right to a conveyance will remain to be determined upon all the evidence. *Robinson Company* v. *Drew, supra*, 464. See *Johnson* v. *Shaw*, 101 N. H. 182, 189.

*New trial.*

WHEELER, J., did not sit; the others concurred.