Dorothea M. Rogers et al., appellees, Impleaded with Ray T. Rogers, appellee, v. Jon L. Neiman, appellant.

193 N. W. 2d 266

Filed December 17, 1971. No. 37988.

Murphy, Pedersen & Piccolo, for appellant.

Joseph J. Divis, Thomas O. David, and Jewell, Otte, Pollock & Gatz, for appellees.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Boslaugh, J.

This case arises out of a controversy concerning a ranch lease executed by Dorothea M. Rogers, Ethelle H. Wiese, Hazel M. Wiese, Evelyn Thompson, and A. Arlyne Werner as lessors and Jon L. Neiman as lessee. The lessors were tenants in common. The lease contained a provision that in the event "the lessors shall place the premises up for sale," the lessee shall have an option to purchase by meeting the highest responsible bid within 60 days after notice of the bid.

The lease expired on April 30, 1964. On November 16, 1963, Evelyn Thompson sold her undivided one-fifth interest in the property to Dorothea M. Rogers and her husband. On November 18, 1963, Hazel M. Wiese sold her undivided one-fifth interest in the property to Dorothea M. Rogers and her husband. Neiman contends that under the lease he had an option to purchase the undivided interest of a lessor in the event the lessor offered

her interest for sale; and that he is entitled to specific performance of the option provision of the lease as to the two undivided one-fifth interests which were sold.

The trial court refused specific performance. Neiman appeals. The only question presented is whether Neiman is entitled to specific performance of the option provision of the lease.

Neiman argues that the lease was, in effect, a separate lease of the undivided one-fifth interest of each of the lessors; and that the option provision was an agreement by each of the lessors that if her undivided one-fifth interest in the property was offered for sale, he had an option to purchase the interest by meeting the highest responsible bid.

The agreement was that if "the lessors shall place the premises up for sale," Neiman would have an option to purchase. We think the proper construction of the lease was that an option existed only if the entire property was offered for sale by all of the lessors. This is the ordinary and popularly accepted meaning of the words used. Peetz v. Masek Auto Supply Co., Inc., 161 Neb. 588, 74 N. W. 2d 474. See, also, James, Option Contracts, § 811, p. 314.

Neiman first asserted his claim under the option provision in an amended answer and cross-petition filed November 24, 1967. On August 24, 1963, Ethelle H. Wiese, as agent for the lessors, had written to Neiman stating: "As I explained to you, the purchase of two portions of the ranch by my sister, Mrs. Ray Rogers, is pending." The deeds from Evelyn Thompson and Hazel M. Wiese to Mr. and Mrs. Rogers were both recorded on April 30, 1964. Neiman's delay in asserting any claim under the option provision until more than 3 years after the lease had expired suggests that he understood it to mean that the option applied only to a sale of the entire property by all of the lessors.

The judgment of the district court is affirmed.

AFFIRMED.