CHARLES A. MURPHY, JR. AND GUY B. MILLER
d/b/a M & M PARTNERSHIP

v.

DOLL-MAR, INC.

September 17, 1980

*Snierson, Chandler & McKean*, of Laconia (*Edgar D. McKean, III*, orally), for the plaintiff.

*Nighswander, Lord, Martin & KillKelley*, of Laconia (*David S. Osman* orally), for the defendant.

BROCK, J. This case is an action for breach of contract. Trial before a Master (*Robert A. Carignan*, Esq.) resulted in a recommendation that judgment be entered for the defendant. The Superior Court (*Bean*, J.) approved the master's recommendation, and the plaintiff excepted and filed this appeal.

Resolution of the dispute between the parties depends upon the interpretation to be given a clause in a promissory note given by

the plaintiff to the defendant that reads, "There will be no interest payments on the first year." In his report, the master concluded that the language used in this clause was not ambiguous and ruled, as a matter of law, that the clause was to be interpreted as meaning that the first year's interest on the note was deferred and not waived. For the reasons which follow, we disagree.

In June 1976, the plaintiff purchased a parcel of real estate from the defendant. Under their financing agreement, the plaintiff executed a promissory note and tendered it to the defendant. As security for the note, the plaintiff granted the defendant a first mortgage on the property. The relevant terms of the note are as follows:

1.  There will be no interest payments on the first year.

2.  At the beginning of the second year, June 1, 1977, an interest payment of $3,655.00 shall be paid based on Eight and one-half percent (8½%) of the total amount of $43,000.00.

3.  The amount of Forty-Three Thousand Dollars ($43,000.00) shall be paid in full on June 1, 1978.

4.  The Buyer has the right to prepay the principal ($43,000.00) at any time before June 1, 1978.

Ten months later, in April 1977, the plaintiff secured a buyer for the property and sought a mortgage discharge from the defendant. The defendant, however, refused to discharge the mortgage unless the plaintiff paid interest, in the amount of three thousand two hundred twelve dollars ($3,212), on the first year of the note. In order to effectuate the sale and convey clear title, the plaintiff, under protest, tendered the interest payment to the defendant. The plaintiff then brought this action alleging that the defendant breached the terms of the note by demanding interest that had accrued during the first year. It is the defendant's position that the terms of the note provide only for deferred payment of the first year's interest and the trial court accepted that interpretation as a matter of law.

■■ At the outset we note that "as a general rule the interpretation of a written instrument is an issue of law for this court to determine." *Erin Food Services, Inc. v. 688 Properties,* 119 N.H. 232, 235, 401 A.2d 201, 203 (1979). In reaching the proper interpretation we require that the words and phrases used by the

612

parties be given their common meaning, *McIntire Enterprises, Inc. v. Geiger*, 94 N.H. 368, 53 A.2d 328 (1947), and this court will determine the meaning of the contract based upon the meaning that would be attached to it by a reasonable person. *Kilroe v. Troast*, 117 N.H. 598, 601, 376 A.2d 131, 133 (1977). *See Thiem v. Thomas*, 119 N.H. 598, 602, 406 A.2d 115, 118 (1979); *Aldrich v. Charles Beauregard & Sons*, 105 N.H. 330, 336, 200 A.2d 14, 18 (1964).

■ We are of the opinion that the promissory note in the present case does not call for interest payments to be paid or accrued *on* the first year of the note. The language of the note is clear and we do not view the proposition that the language of the note calls only for deferred payment of the interest as a reasonable one. The word *on*, as it is used in the present case, is used as "[a] function word to indicate the object of action . . . (5) the object in connection with which payment, computation of interest, reduction, or similar settlement is made, (paid off a substantial sum *on* the mortgage.)" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (unabridged, 1961). Therefore, the clause, "there will be *no* interest payments on the first year," (emphasis added) means that during the first year of the note, no interest will accumulate.

■ Upon viewing the terms of the note as a whole, as we must, *Kilroe v. Troast, supra* at 601, 376 A.2d at 133, our opinion is not altered. Clause two of the note calls for an interest payment, based on a percentage rate of 8.5, to be paid at the beginning of the second year. However, clause number three calls for the entire principal to be paid in full at the end of two years with no provision for any additional interest payments to be made at that time. It is our opinion that these terms, when read together, clearly express an intent that no interest will be accrued during the first year, but that interest on the second year of the note is to be prepaid.

*Exception sustained;*
*judgment for the plaintiff.*

All concurred.