Carroll
No. 80-220

WILLIAM B. CLARK & a.

v.

J. HAROLD NEERGAARD & a.

August 5, 1981

*Holland, Donovan, Beckett & Welch,* of Exeter (*Stephen G. Hermans* on the brief and orally), for the plaintiffs.

*James J. Kalled,* of Wolfeboro (*James B. Kazan* on the brief and orally), for the defendants.

PER CURIAM. This appeal arises out of the plaintiffs' petition for declaratory judgment, injunctive relief, and damages, in which they alleged that they had a right-of-way across property now owned by the defendants. After two days of trial, the Superior Court (*Wyman,* J.) ruled in the plaintiffs' favor, and the defendants appealed. We affirm.

The defendants own a parcel of land located in the town of Freedom. Their lot borders Ossipee Lake and is situated at the beginning of a peninsula that extends into the lake. The plaintiffs own a tract of land in the vicinity of the defendants' property.

Both the plaintiffs' and the defendants' lots were at one time owned by S. O. Huckins. On October 25, 1932, while still owning the land presently owned by the defendants, Huckins conveyed the lot now owned by the plaintiffs to Frederick H. Dieterich. In addition to this lot, the deed gave Dieterich "a right-of-way in common with others to the end of Old Eaton Road to Ossipee Lake over land I now own." In 1944, the administrator of Dieterich's estate conveyed the property to Lois H. Baxter, who, that same year, conveyed it to the plaintiffs. The deed to Baxter and that to the plaintiffs both contained the following language:

> "Giving a right of way in common with others . . . to the end of the Old Eaton Road to Ossipee Lake over land of one Huckins."

The parties agree that the deeds in the plaintiffs' chain of title give the plaintiffs a right-of-way running from the "end of Old Eaton Road to Ossipee Lake." They disagree, however, as to the location of this right-of-way. The plaintiffs contend that the parties to the Dieterich deed intended that deed to convey a right-of-way extending over the lot now owned by the defendants to the lake. The defendants, on the other hand, assert that, at the time the right-of-way was originally granted by S. O. Huckins in 1932, Old Eaton Road extended to the tip of the peninsula and that, therefore, the plaintiffs' right-of-way runs across property located at the peninsula's end. (See attached map.)

634

ABSTRACT OF PRINCIPAL GEOGRAPHIC FEATURES
AND CONTENTIONS OF THE PARTIES

N

Town of Freedom

Old Eaton Road

Defendants' Lot ("End" of Old Eaton Road
as contended by plaintiffs)

OSSIPEE LAKE

"End" of Old Eaton Road as found
by Superior Court

Peninsula

"End" of Old Eaton Road as con-
tended by defendants.

Ernest Thayer Lot

In resolving this factual dispute, the trial court found "that it is more probable than otherwise that the Old Eaton Road . . . in the year 1932 . . . ended at a point on the higher ground beyond defendants' lot approximately half-way to the . . . [end of the peninsula]." The court also found, however, that the parties to the Dieterich deed of October 25, 1932, regarded Old Eaton Road as ending near the shore of Lake Ossipee by the lot now owned by the defendants and that the parties intended that the right-of-way referred to in that deed cross the defendants' property. Accordingly, the court confirmed the plaintiffs' right-of-way over the defendants' land.

■ Although the interpretation of a deed is ultimately a matter for this court, "our determination of the terms of a deed is based on the parties' intentions as properly found by the trial court." *MacKay v. Breault*, 121 N.H. 135, 139, 427 A.2d 1099, 1101 (1981) (quoting *Robbins v. Lake Ossipee Village, Inc.*, 118 N.H. 534, 536, 389 A.2d 940, 941 (1978)); *Woolsey v. Carmichael*, 117 N.H. 1050, 1051, 381 A.2d 328, 329 (1977). In this case, the trial court's ruling in the plaintiffs' favor was based on its findings regarding the intent of the parties to the deed in which the right-of-way was conveyed. The question on appeal is whether there is evidence to support the court's finding that the parties to the Dieterich deed were referring to an "end" to Old Eaton Road other than that which the court found was probably the road's actual end in 1932.

We first note that several of the deeds in the defendants' chain of title support the trial court's finding. On December 31, 1932, S. O. Huckins conveyed the lot now owned by the defendants to the Ossipee Valley Land Corporation, which, in 1950, transferred title to S. O. Huckins' son, Albert. In 1953, Albert Huckins deeded the property to Charles DiPrizio, "[r]eserving all rights to Frederick Dieterich (now William C. Clark)." Twelve years later, DiPrizio conveyed the land to John and Ruth Saucier, the defendants' immediate predecessors in title, again "reserving rights of way formerly granted to Dieterich, now Clark. . . ." Thus, the deeds of two of the defendants' predecessors in title, one of whom was the son of the grantor of the right-of-way claimed by the plaintiffs, indicate that the right-of-way created by S. O. Huckins in 1932 extended across what is now the defendants' lot and not over other property further down the peninsula.

A plan recorded at the Carroll County Registry of Deeds, which is entitled "Huckins Land in Freedom," also supports the trial court's conclusion. It appears that the plan was recorded by S. O. Huckins in 1932 or thereabouts. The plan depicts the defendants'

lot in a different manner than it does all the other lots on the plan. The defendants' lot is the only one not enclosed with a line separating the property from Ossipee Lake. Moreover, there is an opening on the northern side of the lot where a road running south (apparently Old Eaton Road) abuts the defendants' land. This depiction of the defendants' property is consistent with the plaintiffs' contention and the court's finding that S. O. Huckins intended that the right-of-way created in 1932 cross the defendants' lot.

There is other evidence in the record that might support the trial court's finding. We need not elaborate on the evidence any further, however, because we will not overturn the trial court's findings of fact unless they are unsupported by the evidence or the court abused its discretion. *Chagnon Lumber Co., Inc. v. DeMulder*, 121 N.H. 173, 175, 427 A.2d 48, 50 (1981); *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 497, 389 A.2d 429, 432 (1978). The trial court's function was to "determine what the parties [to the Dieterich deed] intended at the time of the conveyance." *Seely v. Hand*, 119 N.H. 303, 306, 402 A.2d 162, 165 (1979). The court has done so, and there is evidence to support its findings. Those findings must stand, and the judgment below is therefore

*Affirmed.*

DOUGLAS and BATCHELDER, JJ., did not sit.