**Boyd LYMAN, Appellant (Plaintiff),**

v.

**Leonard I. JENNINGS, individually and as Executor of the Estate of Adrian F. Eberhard, Lois M. Jennings, his wife, Bobby T. Brubaker and Clifford L. Brubaker, Jr., Appellees (Defendants).**

No. 5549.

Supreme Court of Wyoming.

Dec. 9, 1981.

George J. Argeris, of Guy, Williams, White & Argeris, Cheyenne, for appellant.

C. S. Hinckley, of Hinckley & Hinckley, Basin, and James H. Sperry, Worland, for appellees.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-plaintiff appeals from a summary judgment and order, which, in effect, rejected his contention that a first right and prior option of purchase under a lease was activated in this instance.

We affirm.

Appellant and William E. Davis[1] were lessees of certain premises in Washakie County consisting of about 2,600 acres. Lessors, Adrian Eberhard, Charles Eberhard and Cora M. Eberhard, owned the premises as tenants in common. The lease

---

1. Davis conveyed his interest in the lease to appellant prior to the institution of this action.

period was from January 1, 1976 to January 1, 1981.

On August 12, 1975, Adrian Eberhard, a single man, executed a will in which he devised his one-third interest in the premises to appellees Leonard I. Jennings and Lois M. Jennings (hereinafter referred to as Jennings). On March 16, 1976, Adrian Eberhard deeded his one-third interest in all but 360 acres of the premises to Jennings. Adrian Eberhard died on October 24, 1976, and Leonard I. Jennings, as executor, began proceedings to probate Adrian Eberhard's will. The probate was said to be for the purpose of vesting title of one-third interest in the 360 acres not included in the March 16, 1976 deed. It was indicated that the deed was executed to allow Adrian Eberhard to furnish a sworn statement in another matter to the effect that he was without assets, and that the deed was intended to include the 360 acres. On January 3, 1980, Jennings deeded the one-third interest in the premises to appellees Bobby T. Brubaker and Clifford L. Brubaker, Jr. (hereinafter referred to as Brubakers).

The lease contained the following clause: "IT IS FURTHER UNDERSTOOD AND AGREED by and between the parties that if said premises above described are offered for sale by first parties during the term of this Lease, that then and in that event said second parties shall have the first and prior option of purchase at the price offered by said first parties. * * * "

Appellant contends that the purchase option was activated when Adrian Eberhard deeded his one-third interest in the premises to Jennings. When Jennings and Brubakers refused to acknowledge such contention, appellant instituted this action.

Adrian Eberhard could make an effective transfer of his interest in the premises to Jennings.

"As a general rule any of the cotenants may lease his undivided interest in the common property, either with or without the consent of the other cotenants, and by such lease, whether it be of the property generally, or specifically of his undivided interest, he will confer upon the lessee his full right to occupy and enjoy the premises. The lessee becomes, as against the lessor's co-owners, equally entitled to the possession and use of the whole property, and becomes for the term of the lease substantially a tenant in common of the nonjoining owners. * * * " 20 Am. Jur.2d Cotenancy and Joint Ownership, § 101, p. 202.

There was considerable evidence and argument in this case relative to the issue of whether or not Adrian Eberhard's transaction with Jennings was a sale or a gift. However, we need not here address that issue inasmuch as the option would not be activated whether the transaction were a sale or whether it were a gift.

The wording of the option clause is plain and unambiguous in requiring a sale by all of the lessors before the option is activated. It provides that if the premises are offered for sale "by first parties" the option would be activated with the purchase price being that "offered by said first parties." The "first parties" are all three of the lessors. The option clause could have been worded otherwise, but it was not. See *Rogers v. Neiman*, 187 Neb. 582, 193 N.W.2d 266 (1971). Appellant is held to be aware of, and to be bound by, the language of the contract executed by him. *Laird v. Laird*, Wyo., 597 P.2d 463 (1979). If the language of a contract is plain and unequivocal, that language is controlling. *Bensinger v. Scott*, Wyo., 625 P.2d 775 (1981); *Shepard v. Top Hat Land & Cattle Co.*, Wyo., 560 P.2d 730 (1977); *Madison v. Marlatt*, Wyo., 619 P.2d 708 (1980).

"If the language of a contract is plain and unequivocal, that language is controlling and the interpretation of its provisions is for the court to make as a matter of law. * * * " *Hollabaugh v. Kolbet*, 604 P.2d 1359, 1361 (1980). See *Bosler v. Coble*, 14 Wyo. 423, 84 P. 895 (1906); *Shepard v. Top Hat Land & Cattle Co.*, supra; and *Madison v. Marlatt*, supra.

Accordingly, the summary judgment for Jennings was proper.[2] There is no genuine issue as to a *material* fact. The concern over whether or not the transactions between Adrian Eberhard and Jennings was a sale or a gift is immaterial. A material fact is one which:

"* * * would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. * * *" *Johnson v. Soulis*, Wyo., 542 P.2d 867, 872 (1975).

The language of the option clause is plain and unambiguous and the construction thereof is one of law. It requires a sale by all of the lessors before the option is activated.

In granting Jennings' motion for a summary judgment, the trial court also ordered that appellant's "cause of action against all of the Defendants" be dismissed with prejudice.[3] On appeal, appellant argues that the motion for summary judgment was:

"* * * insufficient to present to the Court for determination the alternate claim of Plaintiff-Appellant against * * * [Brubakers]."

However, appellant acknowledges that a judicial determination that the option was not activated pursuant to its terms would be a basis for dismissal of the cause against Brubakers. And it would be. The sale by Jennings to Brubakers would no more activate the option than would the sale by Adrian Eberhard to Jennings. Nor would our holding make pertinent the prayer in appellant's complaint that Brubakers be held to hold the premises in trust for appellant.

Affirmed.

---

**2.** Rule 56(c), W.R.C.P. provides in pertinent part:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

**3.** During argument on the motion for summary judgment, the trial court indicated that the Brubakers could join in Jennings' motion for a summary judgment and the Brubakers requested the record to reflect that they did so.