Rockingham
No. 81-122

CAROLYN A. BAKER

v.

LOUIS B. MCCARTHY, JR. & a.

March 5, 1982

172

*Flynn, McGuirk & Blanchard,* of Portsmouth (*Raymond P. Blanchard* on the brief and orally), for the plaintiff.

*Tybursky & Watson,* of Portsmouth, and *McLane, Graf, Raulerson & Middleton P.A.,* of Manchester (*Thomas R. Watson* and *James R. Muirhead* on the brief, and *Mr. Muirhead* orally), for the defendants.

PER CURIAM. The plaintiff, Carolyn A. Baker, brought a bill in equity based on a right of first refusal in a deed dated October 5, 1965, in which her grantors, Gertrude B. McCarthy, Charlotte P. Milne and John F. Dingwall, conveyed to the plaintiff a 2.41-acre parcel of land, out of a larger tract, which they owned as tenants in common on Wild Rose Lane in New Castle. (See plan appended to this opinion.)

The principal issue presented by this appeal is whether subsequent conveyances of their interests in the remaining land by tenants in common John F. Dingwall and Charlotte F. Milne to their tenant in common Gertrude B. McCarthy and to her irrevo-

cable trust triggered and violated the right of first refusal which they had granted to the plaintiff in their conveyance of October 5, 1965.

This is an issue of first impression in this jurisdiction, and courts elsewhere that have considered it have arrived at differing results. *See* Annot., 70 A.L.R.3d 203, 212 (1976).

The Master (*Douglas R. Gray*, Esq.) found that the transfers from Dingwall and Milne violated the right of first refusal which the plaintiff had bargained for and had acquired, and that the plaintiff was entitled to notice and did not receive it. The master established a schedule by which the plaintiff was to tender payment and receive a deed for an undivided two-thirds interest in the property in question. The master's recommendations were approved and a decree in accordance therewith was issued by *Temple*, J.

The basic facts are not contested by the parties. For reasons hereinafter set forth, we arrive at a different interpretation of the respective rights and obligations of the parties. Consequently, we vacate the court's decree and enter a judgment for the defendants.

The entire parcel of land on Wild Rose Lane in New Castle, containing about twenty-two acres, of which the premises in question are a part, was acquired in 1954 by Louis McCarthy, husband of defendant Gertrude B. McCarthy, and by Charlotte P. Milne and John Dingwall, each of whom owned undivided one-third shares in common. The three families had been friends since the 1930's. The property was purchased for two reasons: First, the parties wanted to keep the property, which bordered on the Atlantic Ocean, away from developers; and second, they each intended to build a summer residence on the premises. A rough layout of three homesites for the three co-tenants was discussed as early as 1954.

The McCarthy residence was to be in the middle of the tract of land. To effectuate this first step of the co-tenants' plans, co-tenants Dingwall and Milne conveyed 5.09 acres of the tract to Louis and Gertrude McCarthy as joint tenants. A residence was built thereon. At her husband's death, Gertrude became the sole owner of that property and the owner of an undivided one-third share in common of the remaining land. There was evidence that the other two tenants in common still contemplated that they, or their families, would build homes on the remaining tract of land.

Sometime in 1965, plaintiff Carolyn A. Baker's husband approached Gertrude B. McCarthy in order to purchase another parcel of land which she owned nearby. Mrs. McCarthy declined to sell that land but began discussions concerning the prospective sale of the land involved in this case. The three owners of the land,

McCarthy, Milne and Dingwall, were willing to sell part of it. The Bakers were advised, however, that the land would be sold subject to multiple restrictions and conditions, which were eventually included in the deed conveying the 2.41 acres to the plaintiff.

The Bakers indicated that they wanted either to obtain an easement for a view of the ocean, or to buy additional land between the tract they were acquiring and the ocean. This resulted in the inclusion in the deed of the so-called "trim" rights which read as follows:

> "The said Grantee shall also have the right to trim and remove trees, shrubs and other growth from the rear lot line of the premises herein conveyed to the Atlantic Ocean, said right to trim and remove trees, shrubs and other growth shall be for the sole purpose of maintaining a view from the premises granted herein to the Atlantic Ocean. The right . . . shall remain in effect for only so long a time as the area in which said right can be exercised is owned by the Grantors herein or their heirs, executors, administrators, successors and assigns. Said right shall be terminated by the grantors or their heirs, executors, administrators, successors and assigns on either the sale of the land in which said right to trim and remove trees, shrubs and other growth is exercised or by the erection of a house on said area by the Grantors, their heirs, executors, administrators, successors and assigns . . . ."

The right of first refusal on which the plaintiff relies is contained in her deed from the grantors and reads as follows:

> "It is a condition, however, that in the event the said Grantors, their heirs, executors, administrators, successors and assigns, shall at any time receive an offer of purchase for said area hereinbefore referred to, or for the entire balance of the land, which they are willing to accept, they shall first offer it to the said Grantee by giving notice b[y] registered or certified mail of the offer which they are willing [to] accept, and the Grantee shall have fifteen days following receipt of said letter, to notify the Grantors in writing by registered or certified mail of her intent to exercise this option, or notify the Grantors of her intent not to so exercise this option."

▮▮▮ It is a well-established principle of law in this jurisdiction that the proper interpretation of a contract, such as a deed, is a

question of law for this court. *Catamount Const., Inc. v. Town of Milford*, 121 N.H. 781, 782–83, 435 A.2d 123, 124 (1981); *Clark v. Neergaard*, 121 N.H. 632, 635, 434 A.2d 599, 600 (1981). In reaching the proper interpretation of a contract, we must apply the common meaning of the words and phrases used by the parties. *Murphy v. Doll-Mar, Inc.*, 120 N.H. 610, 611–12, 419 A.2d 1106, 1108 (1980). This court will determine the meaning of the contract based upon the meaning that would be attached to it by reasonable persons. *Id.* at 612, 419 A.2d at 1108.

■■ The trial court granted the plaintiff's request for finding and ruling No. 10 which reads as follows: "10. That no ambiguity exists in the agreement of the parties requiring the admission of evidence outside the agreement to explain its terms." Hence, this is not a case involving the meaning of extrinsic evidence, where this court, in its review, will adopt the trial court's interpretation of the contract if supported by sufficient evidence. *See Erin Food Servs., Inc. v. 688 Props.*, 119 N.H. 232, 235, 401 A.2d 201, 203 (1979). On the contrary, where, as in this case, the trial court has found that there was no ambiguity in the terms used by the parties, this court will review whether, as a matter of law, the interpretation of the trial court is consonant with the intentions of the parties as expressed in the words they used in formulating their contract. *See Commercial Union Assurance Co. v. Brown Co.*, 120 N.H. 620, 623, 419 A.2d 1111, 1113 (1980).

We now consider the pertinent provisions of the deed, its subject matter, the situation of the parties at the time, and the objects they intended to accomplish, along with the applicable law.

The master properly found and ruled that the trim rights and the right of first refusal are personal to the plaintiff and do not extend beyond her lifetime and thus are not in any way violative of the rule against perpetuities either in its pure form or as it exists in New Hampshire. *See generally Emerson v. King*, 118 N.H. 684, 687–88, 394 A.2d 51, 54 (1978); *Merchants Bank v. Curtis*, 98 N.H. 225, 229–32, 97 A.2d 207, 210–12 (1953). This is not an issue in this appeal.

The trial court also properly found and ruled that the right of first refusal granted to the plaintiff applied (1) to the area between the lot conveyed to the plaintiff and the Atlantic Ocean, and (2) to the entire balance of the original parcel of land, approximately twenty-two acres, less the 5.09 acres previously conveyed to the McCarthys and the 2.41 acres being conveyed to the plaintiff.

Turning to the essential terms of the right of first refusal, the deed stated that it applied thusly:

"[I]n the event the said *Grantors, their* heirs, executors, administrators, successors and assigns, shall at any time receive an offer of purchase for said area hereinbefore referred to, or for the entire balance of the land, which *they* are willing to accept, they shall first offer it to the said Grantee by giving [her] notice b[y] registered or certified mail of the offer which they are willing to accept, and the Grantee shall have fifteen days . . . to notify the *Grantors* . . . of her intent to exercise this option. . . ."

(Emphasis added.)

██ The reference to the grantors in the plural, in our opinion, clearly contemplates that an offer to purchase would be made by a third party to the grantors *as a whole group*. The language further indicates that the *grantors in concert* would submit the offer to the plaintiff, who was to notify the *grantors* of her intent to exercise or not to exercise the option. Nowhere in the clause of first refusal does the language "the grantors or any of them" or "any individual grantor" appear. A sale to a third party by all of the grantors was clearly intended, and the plaintiff's right of refusal was not intended to be used to make the plaintiff a tenant in common with any of the grantors. *See Wilson v. Grey*, 560 S.W.2d 561, 562 (Ky. 1978).

█ Considering the language used by the parties in the provisions of first refusal, the situation of the parties at the time the contract was entered into, and the objects intended by the parties, we hold that the conveyances by the two tenants in common to the third tenant in common and to her irrevocable trust did not constitute conveyances or sales which were intended to trigger the plaintiff's right of first refusal. *See Byron Material, Inc. v. Ashelford*, 34 Ill. App. 3d 301, 305–06, 339 N.E.2d 26, 29 (1975); *Rogers v. Neiman*, 187 Neb. 582, 583, 193 N.W.2d 266, 267 (1971). The transfers among the grantors did not add third parties to the ownership picture who would adversely affect the plaintiff's rights contemplated by the provisions of her deed.

The plaintiff argues that the following case somehow is contrary to the interpretation of the right of first refusal arrived at by this court. *Lowell v. First Church of Christ*, 101 N.H. 363, 143 A.2d 671 (1958), involved a sale by the devisees of the sole owner of the premises who had given a tenant a covenant that she would not sell the premises without first giving the tenant "an opportunity to purchase at the same price that is offered by a bona fide offer." *Id.*

at 364, 143 A.2d at 672. The issue in the *Lowell* case was whether a devisee was bound by an agreement of first refusal made by its testator. The issue in the present case is whether by its terms the right of first refusal was intended to cover the conveyances *inter se* made by the grantors in the deed of conveyance to the plaintiff. The *Lowell* case is therefore inapposite on this issue.

The plaintiff also maintains that the present holding that the conveyances in question between the co-tenant grantors in the deed to the plaintiff might fly "in the teeth" of this court's decision in *Emerson v. King*, 118 N.H. 684, 394 A.2d 51 (1978). The opinion in that case specifically stated that the validity of the preemptive clause was not being considered. *Id.* at 687, 394 A.2d at 53. The case was decided in favor of the plaintiff therein on the basis of an option to purchase for $8,000 which by its terms was to expire sixty days after the death of the surviving grantee of the premises. An option to purchase gives the holder the right to purchase the premises in question at a set price during a stated period of time. *See Barclay v. Dublin Lake Club*, 89 N.H. 87, 89, 192 A. 620, 621–22 (1937). The holding in the *Emerson* case is not contrary to our interpretation of the right of first refusal in the instant case.

For the reasons previously stated, the order in this case is

*Reversed and remanded.*

NEW CASTLE, N.H.

FOR DINGWALL-MILNE & McCARTHY

SCALE: 1 IN. = 50 FT.    JUNE 1965

JOHN W. DURGIN
CIVIL ENGINEERS

TOWN OF NEW CASTLE

ATLANTIC OCEAN

AREA = 2.41 ACRES

AREA = 5.09 ACRES

THE W H CORPORATION