## Lammisa, Inc. v. Deutsch

*Richard P. Joseph,* for plaintiff.
*Arnold M. Friedman,* for defendants.

FINKELHOR, *J.,* September 7, 1982 — The above matter comes before the court on the preliminary objections in the nature of a demurrer by defendant partnership to plaintiff's complaint to enforce a right of first refusal.

Plaintiff is a leasee of property located at 239 Forbes Avenue, Pittsburgh, Pa., and owned by defendant FNDB partnership. At the time (September 15, 1980) the lease was negotiated, FNDB was composed of four partners — Deutsch, Stampahar, Widdoes and Noethling.

The parties attached a rider to the lease agreement which states, in pertinent part, as follows:

"8. In the event of a bona fide offer to purchase the real estate of which the demised premises are a part, the Lessee shall have the right to purchase said real estate at a price equal to the said bona fide offer, provided the Lessee exercises said right within the same period of time as indicated in the bona fide offer."

On or about January 30, 1981, Noethling sold or transferred her interest in the real estate for an undisclosed amount to the three other partners. It is

plaintiff's position that this sale was in violation of the above quoted rider and plaintiff was entitled to its right of first refusal on the undivided interest in the real estate of the selling partner. The agreement is silent on this issue.

Section 343 of the Uniform Partnership Act, Act 59 Pa. C.S. §343, provides that the interest of the individual partner in the assets of the partnership is personalty. However, more important in a sale of the interest of one partner to another, there is no transfer of title to the real estate. The real estate was owned by FNDB before the transfer of the Noethling interest and was still owned by FNDB after the transfer.

While neither party has cited any Pennsylvania authority to the court, decisions in other jurisdictions support defendants' argument that the transfer of a partner's interest to another partner does not constitute a sale of the real estate under the rider. Baker v. McCarthy, 443 A.2d 138 (New Hamp. 1982).

Based upon the above discussion, the preliminary objections in the nature of a demurrer must be sustained and an appropriate order is attached hereto.

## ORDER OF COURT

And now, this September 7, 1982, upon the preliminary objections of defendants to plaintiff's complaint and it appearing to the court that paragraph 8 of the rider to the contract between the parties governs these proceedings, it is hereby ordered, adjudged and decreed that said preliminary objections are sustained and judgment shall be entered in favor of defendant.