Belknap
No. 85-515

ELCA OF NEW HAMPSHIRE, INC.,
ELLIOTT TAYLOR & a.

v.

THOMAS MCINTYRE & a.,
AS TRUSTEES FOR MCINTYRE PROPERTIES

March 5, 1987

*Barto and Puffer P.A.*, of Concord (*Mark H. Puffer* on the brief and orally), for the plaintiffs.

*Haughey, Philpot & Laurent*, of Laconia (*William Philpot, Jr.*, on the brief and orally), for the defendants.

THAYER, J.    The sole issue in this case is whether, in a commercial lease between the parties, a provision allowing the sale and consumption of non-alcoholic beverages should be interpreted as giving either a permissive or a restrictive right to use the property. The Trial Court (*O'Neil*, J.) found that the lease prohibited the sale and

consumption of alcoholic beverages on the premises. For the reasons that follow, we affirm.

On April 29, 1977, the defendants, as Trustees for McIntyre Properties (hereinafter lessor), entered into a twenty-year lease agreement with the plaintiffs, ELCA of New Hampshire, Inc. and Elliott and Carole Taylor (hereinafter lessee), of defendants' property located on Route 11 in Gilford. Paragraph 2 of the lease states in pertinent part that "[l]essee agrees to lease said premises for the purpose of operating a restaurant for the sale and consumption on and off the premises of food and non-alcoholic beverages." The lessee constructed a Colonial House of Pancakes on the leased premises and operated it for approximately eight years, serving only breakfasts and non-alcoholic beverages. In the spring of 1985, the lessee converted the restaurant to Pinch Penney's to accommodate a conventional breakfast, lunch, and dinner menu. Shortly thereafter, the lessee requested and was denied permission from the lessor to serve alcoholic beverages at the restaurant.

The lessee then filed a petition requesting that the superior court (a) issue a preliminary injunction enjoining the lessor from taking steps to claim that the serving of alcoholic beverages constituted a default under the lease and (b) issue a declaration that the lease did not forbid the sale and consumption of alcoholic beverages on the premises. The Superior Court (*O'Neil*, J.) denied the lessee's request for preliminary relief on July 11, 1985. After a final hearing, the Superior Court (*Goode*, J.) on October 31, 1985, found that the lease prohibited the sale and consumption of alcoholic beverages on the premises, ruling that the prohibition did not constitute an unreasonable restraint of trade such as would invalidate the contract pursuant to RSA 356:2, II.

The lessee appeals the superior court's ruling and contends that it should be permitted to serve alcoholic beverages because the contested provision in the lease is merely a descriptive term permitting the sale and consumption of non-alcoholic beverages, but not restricting lessee to that use. The lessee further argues that paragraph 2 lacks any clear words of restriction, and thus allows the lessee to employ the premises for any lawful purpose or, at least, for any lawful purpose similar to the use described in the lease. The lessor counters that the language of the provision clearly prohibits the sale and consumption of alcoholic beverages. The lessor also argues that the lease impliedly prohibits such sale and consumption because the intent of the language in the lease should be given effect. We agree.

At the outset, we acknowledge that when restrictions in leases are express, or clearly implied from the language of the lease,

they will be recognized. *See General Teleradio v. Mount Washington Summit House*, 116 F. Supp. 698, 699 (D.N.H. 1953). In order to determine whether the disputed paragraph is a restrictive provision or merely a statement of a permitted use, "the whole instrument is to be carefully scrutinized in order that the true intention of the parties thereto may be ascertained and their purposes accomplished." *Id.*; *see B. & M. Railroad v. Suncook Railroad*, 94 N.H. 81, 83, 46 A.2d 773, 775, *cert. denied*, 329 U.S. 731, *reh'g denied*, 329 U.S. 828 (1946). We assume "that the words used [in the lease] were used advisedly and for the purpose of conveying some meaning." *Thiem v. Thomas*, 119 N.H. 598, 603, 406 A.2d 115, 118 (1979). The words and phrases used by the parties will be assigned their common meaning, and this court will ascertain the intended purpose of the lease based upon the meaning that would be given to it by a reasonable person. *See Murphy v. Doll-Mar, Inc.*, 120 N.H. 610, 611–12, 419 A.2d 1106, 1108 (1980).

Paragraph 2 of the lease in question specifically states that the lessee "agrees" to use the premises for the sale and consumption of food and non-alcoholic beverages. Paragraph 8 states, in pertinent part, that the "[l]essor represents that the use of the premises for a restaurant . . . for the sale and consumption on or off the premises of food and *non-alcoholic* beverages will be a permitted use. . . ." (Emphasis supplied.) The lessor does not represent that the sale and consumption of *alcoholic* beverages is permitted, nor does the lessor purport to represent that the premises are suitable for the sale and consumption of alcoholic beverages. While the lease could have been more specifically, and possibly more artfully, drawn, it is clear from the language of the lease that the purpose and intent of the agreement between the parties was to limit the sale and consumption of beverages on the property to the sale and consumption of non-alcoholic beverages.

██ Furthermore, the language in the lease expressly provides for the sale and consumption of non-alcoholic beverages. Although it does not say "only" for such purpose, or "for no other purpose whatsoever," it impliedly restricts the use of the premises to use for such purposes only. "Express words of restriction are not necessary, where the language used shows that no other use was to be permitted than that specified." *Colonial Operating Corp. v. Hannon Sales & Serv., Inc.*, 34 N.Y.S.2d 116, 118 (1942) (quoting *Kaiser v. Zeigler*, 115 Misc. 281, 284, 187 N.Y.S. 638, 640 (1921)). Beverages offered for sale in restaurants may be either non-alcoholic or alcoholic beverages. There are no other available beverage alternatives. When the lessor specified in the lease that the lessee could sell non-

alcoholic beverages, the lessor manifested his desire to limit the sale and consumption of beverages on the premises to that variety of beverages only. By making clear his intention to have only non-alcoholic beverages sold on the premises, it is reasonable to conclude that the lessor, by implication, at the very least, sought to prohibit the sale and consumption of alcoholic beverages.

The lessee contends that it is entitled to use the premises for any lawful purpose not inconsistent with the intentions of the parties and cites numerous cases supporting this proposition. While this may be a correct statement of the law, and true under the circumstances of the cases which the lessee cites, the case at bar does not lend itself to such an interpretation. It is not reasonable to use the premises for the sale and consumption of alcohol when the parties intended, and the clear meaning of the lease so reflects the intention, that only non-alcoholic beverages be sold. Therefore, the lessee, by agreeing to the sale and consumption of non-alcoholic beverages, restricted the use of the premises to use for that purpose only.

*Affirmed.*

All concurred.