**Carl O. KOELLA, Jr., Plaintiff–Appellee,**

**v.**

**Fred McHARGUE, and wife, Grace McHargue, Defendants–Appellants.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

March 27, 1998.

Permission to Appeal Denied by Supreme Court Sept. 21, 1998.

Boyd W. Venable, III, Sevierville, for Defendants–Appellants.

Robert L. Kahn, Knoxville, for Plaintiff–Appellee.

## OPINION

FRANKS, Judge.

In this declaratory judgment action, the Chancellor declared the rights of the parties in a deed, wherein defendants were granted a right of first refusal to an eighty-eight acre tract of land.

This dispute arises from a real estate transaction between Carl O. Koella,[1] Jack Bowman and defendants Fred and Grace McHargue. In 1992 Koella and Bowman sold 431 acres to the McHargues. Koella and Bowman originally offered a larger tract for sale, but ultimately reserved eighty-eight acres which they held as tenants in common. At closing, Koella and Bowman granted the McHargues a right of first refusal in the remaining eighty-eight acres which was set forth in the deed.

Subsequently, Bowman sold his undivided one-half interest to Koella, and the McHargues were apparently not aware of this transfer. In 1996, Koella asked the McHargues to release their right of first refusal, since Koella had subdivided the eighty-eight acres and was attempting to sell the tracts. The defendants then learned of the transfer between Bowman and Koella, and demanded that Koella sell them a one-half undivided interest in the property for the same price Koella paid Bowman. Koella refused and defendants refused to release their right of first refusal. Koella brought the declaratory judgment action, and defendants filed a counter-claim, seeking a declaratory judgment and specific performance of the right of first refusal.

In January of 1997 Koella notified defendants concerning the price at which the eighty-eight acre tract would be placed on the market and filed a motion for partial summary judgment. The Chancellor granted the motion, provided that the lots comprising the eighty-eight acre tract were conveyed at certain minimum prices. Additionally, the Chancellor ordered that if Koella contracted to sell the lots more than three years from the date of the order or below the minimum price, the defendants would have a fifteen day opportunity to purchase the lots at the contract price.

When evaluating a motion for summary judgment, the trial court should consider "(1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for a trial." *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn.

---

1. Carl Koella died on January 14, 1998. On February 12, 1998 this Court granted an order substituting Maribel Koella as the Plaintiff-appellee in this cause.

1993). No presumption of correctness attaches to decisions granting summary judgment involving questions of law. *Hembree v. State*, 925 S.W.2d 513 (Tenn.1996); Tenn. R.App.P. 13(d), and we must view the evidence in the light most favorable to the opponent of the motion. *See Gray v. Amos*, 869 S.W.2d 925 (Tenn.App.1993).

We conclude summary judgment was proper because Koella complied with the terms and conditions required in the deed. The transfer from Bowman to Koella did not trigger the defendants' right of first refusal, and Koella properly notified the defendants of his desire to sell the property and offered them an opportunity to purchase.

Defendants' rights are set forth in the deed, which states in pertinent part:

THE GRANTORS herein do hereby grant unto the Grantees a right of first refusal for said 88.80 acre tract of property lying adjacent to the property conveyed herein. In the event the Grantors shall decide to sell all or any of said 88.80 acre tract, Grantors shall give written notice to the Grantees at what price said property shall be placed on the open market and the Grantees shall have 15 days to purchase said property at the price contained in the written notice for cash. In the event the Grantees desire to purchase said property at the price contained in the notice they shall in turn give written notice to the Grantors of their intention to purchase said property within the 15 day period.

■ Defendants argue that the transfer from Bowman to Koella triggered their right of first refusal under the deed. Courts in other jurisdictions have reached differing results on the issue of whether a transfer between co-tenants constitutes a "sale" triggering first refusal rights. *See* Thomas J. Goger, Annotation, *Landlord and Tenant: What Amounts to "Sale" of Property for Purposes of Provision Giving Tenant Right of First Refusal If Landlord Desires to Sell*, 70 A.L.R.3d 203 (1976). We find the reasoning in *Baker v. McCarthy*, 122 N.H. 171, 443 A.2d 138 (N.H.1982) persuasive. The New Hampshire Supreme Court held that conveyances by two co-tenants in common to a third tenant in common did not trigger a

grantee's right of first refusal. The Court noted that the transfers among grantors "did not add third parties to the ownership picture who would adversely affect the plaintiff's rights contemplated by the provisions of her deed." *Id.* The language in the deed granting a right of first refusal referred to "Grantors." *Id.* at 140. According to the court:

The reference to the grantors in the plural, in our opinion, clearly contemplates that an offer to purchase would be made by a third party to the grantors as a whole group ... Nowhere in the clause of first refusal does the language "the grantors or any of them" or "any individual grantor" appear. A sale to a third party by all of the grantors was clearly intended, and the plaintiff's right of refusal was not intended to be used to make the plaintiff a tenant in common with any of the grantors.

*Id.* at 141.

In this case, the deed also refers to the "Grantors." Although other parts of the deed refer to Bowman and Koella as "Grantor," the language at issue in this case is the provision granting and defining the rights of first refusal. In this case, the deed requires the grantors to give notice at what price the land is to be sold on the "open market." The transfer between Bowman and Koella was apparently a private sale. Our conclusion that the transfer between co-tenants did not trigger a right of first refusal protects defendants' rights against third-party purchases. *Also see Byron Material, Inc. v. Ashelford*, 34 Ill.App.3d 301, 339 N.E.2d 26 (Ill.App. 1975); *Wilson v. Grey*, 560 S.W.2d 561 (Ky. 1978); *Rogers v. Neiman*, 187 Neb. 582, 193 N.W.2d 266 (Neb.1971).

Finally defendants argue that Koella violated their right of first refusal by offering them the property and insisting that they either pay the asking price or waive their right. Defendants insist that their right of first refusal enabled them to wait until Koella received an offer before they were required to act. They assert that this is the "traditional" meaning of a right of first refusal.

Although several cases in this jurisdiction have addressed the rights of first refusal,

none has apparently explicitly defined this right. In *Johnson v. Herren*, 1988 WL 119278 (Tenn.App.), we distinguished between options and rights of first refusal, noting that:

> The right of first refusal, or first right to buy, is not a true option but is a valuable prerogative. It limits the right of the owner to dispose freely of his property by compelling him to offer it first to the party who has the first right to buy. Nor may the owner accept an offer made to him by a third party.

*Id.* *4 (citing Williston on Contracts § 1441A at 948–50 (1968)). *See also Sager v. Rogers,* 1987 WL 6718 (Tenn.App.).

 We conclude the Chancellor properly interpreted the language of the deed. The deed sets forth a right of first refusal and then defines it. The sentences following the granting of this right establish how it is to be implemented. When the language of a contract is plain and unambiguous, it is the court's duty to interpret it and enforce it as written. *Book–Mart of Florida, Inc. v. National Book Warehouse, Inc.,* 917 S.W.2d 691 (Tenn.App.1995). The record shows that Koella complied with his duties and properly offered the property to the Appellants. Thus, the summary judgment granted by the Chancellor was appropriate. The interpretation pressed upon us by defendants would render the explanatory language in the deed meaningless.

Defendants also argue that the term "open market" is ambiguous and that parol evidence should be admitted to interpret the right of first refusal. In *Housing Finance and Dev. Corp. v. Harold K.L. Castle Found.,* 79 Hawai'i 321, 901 P.2d 1300, 1306 (Haw.Ct.App.1995), the Court noted that Webster's Third New International Dictionary defines "open market" as a "freely competitive market in which any buyer or seller may trade and in which prices are determined by competition." (Citing Webster's Third New International Dictionary 1580 (1981)). Similarly, The Random House Unabridged Dictionary defines "open market" as "an unrestricted competitive market in which any buyer and seller is free to participate." *Id.* (citing Random House Unabridged Dic-

tionary 1357 (2d. ed.1993)). Thus, the term is not ambiguous. Additionally, the Chancellor fashioned his order to insure that Koella's conduct in selling the property was consistent with reasonable sales prices and practices. Accordingly, we affirm the summary judgment granted by the Chancellor.

Defendants have filed a motion to consider post-judgment facts, pointing to a subsequent sale of one of the lots. If they are entitled to any relief under the terms of the Chancellor's judgment on the basis of this sale, they may seek such relief as they feel they are entitled to upon remand to the Trial Court.

The judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to appellants.

McMURRAY and SUSANO, JJ., concur.