IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 2000 Session

## CARL O. KOELLA, JR. v. FRED McHARGUE, ET AL.

**Appeal from the Circuit Court for Blount County**
No. E-17180    C. K. Smith, Judge, By Designation

### FILED AUGUST 16, 2000

### No. E1999-02752-COA-R3-CV

This is the second time that this case has been before us on appeal. On the first appeal, which was filed with respect to an order entered pursuant to Tenn. R. Civ. P. 54.02, we affirmed the trial court's grant of partial summary judgment to the plaintiff on the primary issue raised by the original complaint for declaratory judgment. While that case was pending on appeal, the original plaintiff, Carl O. Koella, Jr., died, and, on motion of his counsel, we entered an order substituting his widow, Maribel Koella, in his place. On remand, the plaintiff -- not otherwise identified in the pleading -- filed a motion in the trial court to dismiss the defendants' still-pending counterclaim. That motion was based on the failure of the defendants, in their capacity as counter-plaintiffs, to file a motion "to substitute the proper party for [Mr. Koella] in the trial court." The trial court granted the motion. We reverse.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Boyd W. Venable, III, Sevierville, Tennessee, for the appellants, Fred McHargue and wife, Grace McHargue.

Robert L. Kahn, Knoxville, Tennessee, for the appellee, Maribel Koella.

### OPINION

I.

This case started when Carl O. Koella, Jr., filed a complaint for declaratory judgment. Mr. Koella sought a declaration that the defendants' right of first refusal with respect to Mr. Koella's 88-acre tract of land had expired. Mr. Koella asked for an order requiring the defendants to execute a release of their right of first refusal.

The defendants filed an answer joining issue. Their answer was accompanied by a counterclaim seeking, *inter alia*, compensatory damages and other relief pertaining to the parties' dealings and Mr. Koella's use of his land, which use had allegedly damaged an adjoining tract of land owned by the defendants.

Mr. Koella filed a motion for partial summary judgment as to his complaint. The trial court granted the motion. The court directed that its order "be entered as a final judgment, there being no just reason for delay." *See* Tenn. R. Civ. P. 54.02. The first appeal followed.

On January 14, 1998, while the first appeal was pending before us, Mr. Koella died. His counsel filed a motion in the Court of Appeals on February 6, 1998, seeking to substitute Mr. Koella's widow, Maribel Koella, "as [p]laintiff/[a]ppellee in this cause." We granted the motion by order entered February 12, 1998. Thereafter, we affirmed[1] the trial court's grant of partial summary judgment and remanded to the trial court.[2]

After this case was remanded to the trial court, "counsel for the [p]laintiff/[c]ounter [d]efendant" filed a "suggestion of death" of Mr. Koella in the trial court. After the passage of 92 days, the same counsel filed a motion to dismiss the defendants' counterclaim because of the failure of the defendants to file a motion to substitute a new party for Mr. Koella within 90 days "after the service of a suggestion of death of a party." The motion to dismiss was based on the language of Tenn. R. Civ. P. 25.01.[3] The motion was met by the defendants' response pointing out that an order of substitution had been entered in the Court of Appeals on February 17, 1998.[4]

On December 6, 1999, the trial court entered an order dismissing the defendants' counterclaim with prejudice. This second appeal followed.

---

[1]*Koella v. McHargue*, 976 S.W.2d 658 (Tenn. Ct. App. 1998).

[2]The Supreme Court subsequently denied the defendants' application for permission to appeal.

[3]Tenn. R. Civ. P. 25.01(1) provides as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

[4]As noted earlier, our order was actually entered on February 12, 1998.

II.

On the first appeal, Mr. Koella's counsel asked us to substitute Mr. Koella's widow as the party plaintiff/appellee. This request was filed pursuant to Tenn. R. App. P. 19.[5] We granted counsel's motion and Maribel Koella was substituted as the appropriate party. When this occurred, the deceased ceased to be the named party.[6] *Our subsequent remand had the effect of remanding this case with a new party -- Maribel Koella.* This is the inescapable conclusion from the proceedings on the first appeal.

The plaintiff -- apparently Maribel Koella -- contends that our substitution of Mr. Koella's widow in his stead was not enough. She contends that Tenn. R. Civ. P. 25.01 mandates that the defendants are required to substitute someone -- apparently Maribel Koella -- for the original counter-defendant, the deceased Carl O. Koella, Jr., on the counterclaim. She contends that the fact that this subject is addressed in both the Rules of Civil Procedure and the Rules of Appellate Procedure proves that a substitution at both levels is required. She cites no Tennessee case authority in support of this position.

We disagree with Mrs. Koella's reading of these two rules. The reason that the subject of the death of a party is addressed in both sets of rules is obvious: both trial courts and appellate courts are faced with situations where a party dies "on their watch." The Rules of Civil Procedure address what must be done if a party dies while the case is pending in the trial court, while the Rules of Appellate Procedure outline the proper procedure if death occurs while the case is on appeal. When we substituted Mrs. Koella for her late husband, she was substituted for all purposes -- as plaintiff, as appellant, *and as counter-defendant*. *See* 1 Am.Jur.2d *Abatement, Survival, and Revival* § 124 (1994) ("An action that is pending in the appellate court at the time of death of a party may be revived by order of that court, and when so revived, no further order is necessary after remand to the trial court.").[7]

This case was remanded to the trial court with a new party as plaintiff and counter-defendant. There was no need for further substitution. There was no need to do that which had already been fully done by us. If one or both of the parties had wanted to memorialize the substitution once the case was back in the trial court, they could have been accomplished this by filing a copy of our order,

---

[5]Tenn. R. App. P. 19(a) provides, in pertinent part, as follows:

> If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the appellate court and the claim sought to be enforced is not thereby extinguished, the appellate court may order substitution of the proper parties.

[6]We continue to use the caption as it appears on the original complaint.

[7]The appellee contends that the case cited in Am.Jur., *Roberts v. Criss*, 266 F. 296 (2nd Cir. 1920), does not support the text found in the treatise. We do not find it necessary to reach this assertion. Reading Tenn. R. Civ.P. 25.01 and Tenn. R. App. P. 19 in *pari materia*, *see* *Belle-Aire Village, Inc. v. Ghorley*, 574 S.W.2d 723, 726 (Tenn. 1978), we are satisfied that our interpretation of these two related rules is correct.

by stipulation, or by the entry of an agreed order. The invocation of Tenn. R. Civ. P. 25.01 was not necessary or appropriate.

III.

The judgment of the trial court is reversed and this case is remanded for further proceedings, consistent with this opinion. Costs on appeal are taxed to the appellee, Maribel Koella.

_____
CHARLES D. SUSANO, JR., JUDGE
