Belknap, ⎱
June 1, 1920. ⎰

## GIDEON GILBERT *v.* MARIE E. TREMBLAY.

A memorandum of a contract for the sale of land is sufficiently descriptive of the premises, if it appears to refer to a definite parcel of land though some resort to extrinsic evidence may be necessary to identify the property.

A memorandum need not state the character of the title to be conveyed, but covers whatever title the vendor has; and a signing thereof by another at the request of the party to be charged, in his name and presence and with his full knowledge of the contents, is sufficient.

BILL IN EQUITY, for the specific performance of a contract to convey land. Transferred from the October term, 1919, of the superior court by *Sawyer,* J. The court found the defendant the owner of a house and lot known as No. 234 on Union Avenue in Laconia, which on April 4, 1919, she agreed to sell to the plaintiff for $3500, receiving on the purchase price the sum of $100. At the same time she gave him a receipt in the following terms:

"$100.

Received from Gideon Gilbert —

April 4, 1919. One hundred — 100 dollars on house 234 Union Ave & Lot. Bal 3400 to be paid within 30 days.

Marie Tremblay."

This writing was drawn by the plaintiff, and was read to the defendant by her niece, who signed it in the defendant's name in the presence of and at the request of the defendant, who could neither read nor write. Both parties understood the receipt referred to land in Laconia on Union Avenue.

If the receipt is a sufficient memorandum under the statute of frauds, and the signature is binding on the defendant, there is to be a decree for the plaintiff; otherwise the bill is to be dismissed.

*Fortunat E. Normandin* and *Frank P. Tilton,* for the plaintiff.

*Young & Cheney,* for the defendant.

WALKER, J. It is claimed in behalf of the defendant that the memorandum of the contract is insufficient to satisfy the requirements of the statute of frauds, for the reason that the description of

the land is indefinite and uncertain and requires a resort to parol evidence to identify it. That the description related to a particular lot of land which the parties had in mind and in reference to which the contract was made, is too clear for argument. The question, therefore, is, does the description satisfy the requirements of the statute? The only suggested objection to the memorandum so far as the description of the land is concerned is that its indefiniteness arises from the fact that it does not in precise language locate the land in Laconia or indicate in clear language where it is situated or where "234 Union Ave & Lot" exists as a geographical fact. But the statute does not require the description to be expressed in the writing with the greatest technical accuracy. A description of the property to be conveyed as "Enfield property" was held to be sufficient in *Packard* v. *Putnam*, 57 N. H. 43, where it appeared that the owner possessed no other land in that town than the land in question. Where the "memorandum on its face appears to refer to a definite parcel of land, the description need not be such as to render entirely needless a resort to extrinsic aid to identify the property; it is enough if the description be sufficient, with the assistance of external evidence, to fit and comprehend the property which is the subject of the transaction to the exclusion of all other property." 20 Cyc. 270.

The distinction between what is deemed to be a sufficient reference to the subject-matter of the contract and what is regarded as insufficient is that in the former case it is accurate, unambiguous and definitely refers to a particular lot of land, while in the latter case its indefiniteness is such that it affords no evidence in itself that a definite piece of land was intended. If the descriptive language used is clear and explicit in denoting a particular lot of land, it is not essential that it should contain a statement of its boundaries, its geographical location or other designations frequently used in formal conveyances of real estate. If it has that characteristic, parol evidence is admissible to apply the abbreviated description to the land thus clearly indicated. When it is said that the memorandum "must be sufficient to identify the parties, land, and price, without resort to parol evidence " (*Rafferty* v. *Lougee*, 63 N. H. 54, 56), it is not intended to sanction the exclusion of evidence showing the actual location of land clearly described in the memorandum. "In every case, the words used must be translated into things and facts by parol evidence." *Doherty* v. *Hill*, 144 Mass. 465, 468. In the present case the evidence was competent, not to contradict, change, or modify the

language embodied in the memorandum, but to show that it was exclusively applicable to the land in question.

*Mead* v. *Parker*, 115 Mass. 413 is very similar in its facts to the case at bar. It is there said (*p.* 415) "It is not a question of the sufficiency of the writing under the statute of frauds, so much as it is of the right to resort to parol evidence in aid of the writing, where an ambiguity exists in respect to the property intended to be sold, or to which the contract relates. The most specific and precise description of the property intended requires some parol proof to complete its identification. A more general description requires more." In that case the memorandum was dated at Boston, in which it was stated that the defendant had sold to the plaintiff a house on "Church street" for a specified consideration. Not being the owner of land on that street in Boston, it was held he might show that he was the owner of a house on a street of the same name in Somerville, for the purpose of locating the land intended to be conveyed. It was held that the description in the memorandum was sufficiently definite to take the case out of the statute upon the parol evidence offered. This case was referred to with approval in *Packard* v. *Putnam, supra,* and is regarded as a correct statement of the law applicable to the same or similar situations. Other cases sustaining this conclusion are: *Scanlan* v. *Geddes,* 112 Mass. 15; *Hurley* v. *Brown,* 98 Mass. 545; *Dougherty* v. *Chesnutt,* 86 Tenn. 1; *Brown* v. *Whipple,* 58 N. H. 229; *McDonald* v. *Fernald,* 68 N. H. 171; *Maisch* v. *Cobb,* 76 N. H. 62. Though the writing does not purport upon its face to show where it was executed, it may be assumed that it was signed and delivered in Laconia, where it is understood the parties resided and the only lot of land owned by the defendant corresponding to the description in the receipt was located. The parol evidence does not introduce a doubt as to the land intended but shows clearly its location.

The suggestion that the writing does not show what the consideration was to be for the conveyance seems to be clearly negatived by the statement of the receipt by the defendant of one hundred dollars from the plaintiff for the house and of a balance of $3400 to be paid. Nor is it necessary that the character of the title to be conveyed should be stated. Whatever title the defendant has is covered by the memorandum.

The argument that the defendant did not actually sign the receipt as required by the statute is not of convincing force. The writing of her name, having been done by her niece in her presence and at her request and with full knowledge of the contents of the document, was

a sufficient signature. It was equivalent to a signature in her own handwriting. *Kidder* v. *Prescott*, 24 N. H. 263; *Packard* v. *Putnam*, *supra; Lord* v. *Lord*, 58 N. H. 7, 10.

*Decree for the plaintiff.*

All concurred.