Rockingham, }
Mar. 2, 1948. } No. 3691.

JOHN E. SWANSON *v.* OLIVER W. PRIEST & a.

*Edgar A. Blanchard* (by brief and orally), for the plaintiff.

*George P. Cofran* and *Thomas E. Flynn, Jr.,* (*Mr. Flynn* orally), for the defendant, McIntire Enterprises, Inc.

*Harold M. Smith, Ralph G. McCarthy* and *Henry M. Fuller* (*Mr. Fuller* orally), for the defendants.

BLANDIN, J.   The memorandum signed by the defendant, Oliver W. Priest, fulfills all the requirements of a valid memorandum for the sale of land.   R. L., c. 383, s. 1; *Dunlap* v. *Foss*, 82 N. H. 449, and cases cited.   The argument of the defendants that the writing fails because it lacks the signature of the plaintiff and also because mu-

tuality of remedy does not exist, requires scant consideration. Neither our statute cited above nor any case in this state which the defendants have brought to the attention of the court holds the plaintiff's signature essential. See also, 37 C. J. S. Statute of Frauds, s. 206. Nor is mutuality of remedy a requisite under the circumstances here where the plaintiff's engagement was only to pay a sum of money. *Hickey* v. *Dole*, 66 N. H. 336; *Ekstein* v. *Downing*, 64 N. H. 248. The case of *Knox* v. *Allard*, 90 N. H. 157, is clearly distinguishable in that there the plaintiff's promise was not payment of money but acts of personal service specific performance of which is not ordinarily decreed. *Knox* v. *Allard, supra,* and cases cited.

Nor do the defendants' contentions that the memorandum was merely an offer which was withdrawn before acceptance impress us. The unchallenged finding of the master is that the promise of the defendant to sell was given in exchange for the plaintiff's promise to buy, and that twice within the time stipulated the plaintiff tendered the agreed price which the defendant Priest refused. It is fundamental that mutual promises furnish adequate consideration for each other. *Makowiec* v. *Insurance Company*, 83 N. H. 547; Restatement, Contracts, N. H. Anno., s. 75; 17 C. J. S., Contracts, ss. 97, 98. Furthermore the plaintiff both by his bill in equity and orally has acknowledged his promise. 37 C. J. S., Statute of Frauds, s. 206, *note* 61; 49 Am. Jr., Spec. Perf., ss. 36, 37; 65 A. L. R. 49, *note.* Neither our statute nor any authorities in this state cited by the defendants require the consideration for the defendants' promise as distinct from the consideration for the conveyance or performance to be stated in the memorandum. In the present case the consideration for the conveyance in the sum of $7,000 was stated and that is sufficient. R. L., c. 383, s. 1; *Huot* v. *Janelle, ante,* 10; *Brown* v. *Fowler*, 70 N. H. 634; *McDonald* v. *Fernald*, 68 N. H. 171; *Britton* v. *Angier*, 48 N. H. 420, 425. *Hickey* v. *Dole, supra.* The cases cited by the defendants upon this question are distinguishable from the situation before us in that the agreements in them either neglected to state any consideration for the conveyance or promise, or failed to express it with sufficient definiteness. If decisions in other states indicate a contrary rule they are not controlling.

The defendant McIntire Enterprises, Inc. purchased with actual as well as constructive knowledge of the agreement, which the trier of facts found reasonable and equitable, and consequently at its peril. Under similar circumstances it has been held that such a purchaser may be ordered to convey his interest directly to the injured

plaintiff. *Hickey* v. *Dole, supra.* See also, *Mansfield* v. *Hodgdon*, 147 Mass. 304. No reason appears why this cannot be done in this case and the defendant company, which now holds full title to the property be ordered to convey to the plaintiff forthwith free and clear of any incumbrances, upon payment to it of $7,000, plus 1946 taxes, if paid by the company. The amount of said payment shall be modified by such an accounting of the use and management of the property as a constructive trustee should make less whatever benefit has accrued to the plaintiff by reason of the postponement of his payment of the purchase price.

Although the plaintiff has no equitable rights against the defendant Mary Priest who was not a party to the transactions with the plaintiff, conveyance by the defendant company will result in no unjust enrichment of the plaintiff, since the defendant Oliver Priest undertook to convey "free of all incumbrances except 1946 taxes." This was an undertaking to convey free of his wife's inchoate right of dower. *Fitts* v. *Hoitt*, 17 N. H. 530; *Russ* v. *Perry*, 49 N. H. 547.

It is unnecessary to decide here whether the defendants have any rights against each other as a result of this transaction, and no opinion is intended to be expressed concerning this.

*Case discharged.*

All concurred.