Hillsborough,
No. 5012.

### J. R. TOWNSEND CO.

*v.*

### NEW HAMPSHIRE AUTO CO.

Argued January 3, 1962.

Decided March 6, 1962.

82

*McLane, Carleton, Graf, Greene & Brown* and *John A. Graf (Mr. John A. Graf* orally), for the plaintiff.

*Ernest R. D'Amours* (by brief and orally), for the defendant.

LAMPRON, J. The following are the determinative facts. On February 21, 1958 the plaintiff sold and delivered this automobile to Insenga in California under a conditional sales contract. The

contract did not have to be recorded in California. Title to the car was registered with the motor vehicle department, the California agency for recording the respective interests of the parties.

On July 3, 1959 the defendant obtained the car as a trade-in from Insenga in New Hampshire. Plaintiff first learned that the car was in this state on receipt of a letter from the defendant dated October 23, 1959. It immediately sent defendant evidence of its ownership and made a demand for the return of the car. Plaintiff never recorded its contract in New Hampshire.

Since the contract was made in California and the car delivered there, California law governed its validity and the extent of the rights acquired under it. *National Bank* v. *Company,* 90 N. H. 232, 234; *Phelps* v. *Loupias,* 97 Cal. App. 2d 350. Plaintiff's reservation of title perfected in accordance with California law (Cal. Vehicle Code, *ss.* 370, 460, 505) was valid in this state unless defeated by the provisions of RSA 361:15. *Goudie* v. *Company,* 81 N. H. 88, 94; *Bay State Nat. Bank* v. *Collins,* 101 N. H. 232, 234.

This statute provides that "when, prior to the performance of the condition, the goods are removed by the buyer . . . from another state and are to be kept for more than thirty days in a recording district in this state where such contract is not recorded, the reservation of the property in the seller shall be void as to . . . [certain] purchasers and creditors . . . unless the conditional sale contract shall be recorded in the recording district to which the goods are so removed, within twenty days after the seller has received notice of the recording district to which the goods have been so removed."

The defendant takes the position that since it bought the car for value and without notice of any prior rights in the plaintiff, it has a superior title because of plaintiff's failure to record its contract here after it obtained knowledge that the car had been removed to New Hampshire within the terms of RSA 361:15. We do not agree with this contention.

When the defendant obtained the automobile from Insenga on July 3, 1959, plaintiff had no knowledge of its removal to New Hampshire. Consequently it was under no obligation at that time to record its contract here and its title, valid under California law was valid in New Hampshire and unimpeachable, as against the rights of all others, including the defendant, regardless of how innocently and in what good faith those rights may have arisen. *Machine Works* v. *Lang,* 67 N. H. 348; *Casket Co.* v. *Gunnison,* 69

N. H. 297; *Bay State Nat. Bank* v. *Collins*, 101 N. H. 232, 234; 3 Jones, Chattel Mortgages and Conditional Sales, s. 1093, p. 167.

The plaintiff did not become subject to the requirements of RSA 361:15 until it received defendant's letter dated October 23, 1959. It had twenty days thereafter under the statute to record its contract in the proper district in New Hampshire. If it had done so there is no doubt that its title to the automobile would prevail. *Bay State Nat. Bank* v. *Collins, supra;* 2 Merrill on Notice, s. 1083, p. 730.

It is long established law in this state that actual knowledge of an unrecorded deed, mortgage or conditional sales contract is equivalent to a recording of it as to the party having such knowledge. *Tucker* v. *Tilton,* 55 N. H. 223. Plaintiff's reservation of title remained valid and superior when the defendant obtained actual knowledge of its existence within the twenty-day recording period (*National Bank* v. *Company,* 90 N. H. 232, 234) for this actual notice cannot be held of less legal significance than the constructive notice required by the statute. 2 Merrill on Notice, s. 925, p. 481; 2A Uniform Laws Annotated, s. 58, p. 80. The defendant having received all the protection intended by RSA 361:15, its title cannot be enhanced by plaintiff's failure to record its contract in New Hampshire thereafter. *Frontier Motors* v. *Chick Norton Buick Co.,* 78 Ariz. 341; 2 Merrill on Notice, s. 1083, pp. 730, 731.

Since the present transaction occurred in 1959, there is no occasion to consider the applicability of the Uniform Commercial Code which became effective July 1, 1961. RSA ch. 382-A.

In view of the result reached it is unnecessary to consider other issues raised by the plaintiff.

*Exceptions sustained.*

All concurred.