Grafton,
No. 6123.

ROBERT F. CUNNINGHAM

*v.*

ANNA SINGER.

April 30, 1971.

*Dodge & Moulton* and *Peter W. Smith* ( *Mr. Smith* by brief and orally ) for the plaintiff.

*Mussman & Shepatin* ( *Mr. David B. Shepatin* orally ) for the defendant.

LAMPRON, J. Petition for specific performance of an alleged agreement for the purchase by the plaintiff from the defendant of certain premises located on Lewis Hill Road in Bethlehem. On August 14, 1967, the following written memorandum on a printed

form entitled "Agreement" was signed by the plaintiff Robert F. Cunningham and the defendant Anna Singer. It reads in part as follows:

"The Cunninghams will purchase house with contents and one acre of land . . . first house on the left belonging to Mrs. Anna Singer . . . on Lewis Hill Bethlehem, N. H.

"A survey will be made of the acre the cost of which will be shared by the Singers and Cunninghams equally.

"The sale price will be $3,200 total. Sale to be completed on search of title.

"A warranty deed will be presented by the Singers."

The matter was heard by a Master ( *William E. Lovejoy*, Esq. ) who made certain findings and rulings and recommended that specific performance be ordered for the conveyance to the plaintiff of the one acre lot and buildings thereon according to a description resulting from a survey made on August 21, 1967. The Court ( *Johnson*, J. ) accepted the master's report after denying defendant's motion that it be set aside. Defendant's exceptions were reserved and transferred.

The above writing executed by the parties clearly establish their agreement to buy and sell a certain one acre parcel of land. *Swanson* v. *Priest*, 95 N.H. 64, 66, 58 A.2d 207, 208 ( 1948 ). However, no action could be maintained upon it "unless the agreement . . . or some memorandum thereof, is in writing and signed by the party to be charged. . . . " RSA 506:1. The required writing must identify the parties, state the price, and describe the land involved. *Kidder* v. *Flanders*, 73 N.H. 345, 346, 61 A. 675, 676 ( 1905 ); Simpson, Contracts *s.* 90 ( 2d ed. 1965 ).

Defendant's main contention appears to be that the description of the premises is insufficient to meet the requirements of the statute. It is true that the writing relied upon to constitute the memorandum must in and of itself furnish the evidence that the minds of the parties met as to the particular property which one party proposed to sell and the other party proposed to buy. However, reasonable certainty is all that is demanded and that requirement is fulfilled if the meaning of the contract, as a whole, is intelligible to the court. *Jesseman* v. *Aurelio*, 106 N.H. 529, 532, 214 A.2d 743, 746 ( 1965 ). Parol evidence of extrinsic circumstances may be resorted to for the purpose of specifically designating the property to which both parties are shown to have referred by the terms of the writing. *Gilbert* v. *Tremblay*, 79 N.H. 431, 432, 111 A. 314, 315-16 ( 1920 ); 49 Am. Jur. Statute of

Frauds *s.* 349 ( 1943 ); 4 Williston, Contracts *s.* 578, at 102 ( 3d ed. W.H.E. Jaeger 1961 ).

There was evidence that, when the defendant listed her property with the real estate broker who negotiated this sale, she pointed out to the broker the approximate boundaries of the one acre to be conveyed. There was further evidence that, when the parties signed the agreement of sale, the defendant verbally gave the boundary lines over again and agreed to an immediate survey. The broker testified that at the time of signing "there was a general understanding between all the parties of the general boundaries of the property. "

The survey was made within one week thereafter. The defendant and her husband were present at the site when it was made and directed the surveyor as to the boundaries to be followed. The resulting plan and a specific description of the one acre to be conveyed were in evidence as exhibits before the master. Any ambiguity in the agreement as to the description of the property to be conveyed had thus been removed at the time the petition for specific performance was instituted. *White* v. *Poole,* 74 N.H. 71, 73, 65 A. 255, 257 ( 1906 ); *Jesseman* v. *Aurelio,* 106 N.H. 529, 533, 214 A.2d 743, 747 ( 1965 ); *Simpson* v. *Blaisdell,* 85 Me. 199, 27 A. 101 ( 1892 ); 37 C.J.S. Statute of Frauds *s.* 190 ( 1943 ); *see* Annots., 23 A.L.R.2d 6 ( 1952 ); 46 A.L.R.2d 894 ( 1956 ). Consequently the master properly found that the agreement of the parties sufficiently identified the property covered thereby. Specific performance could properly be decreed as defendant's counsel stipulated the plaintiff was ready to perform. *Lowell* v. *First Church of Christ,* 101 N.H. 363, 366, 143 A.2d 671, 674 ( 1958 ).

Defendant argues, however, that the court erred in so ordering because of an impossibility of performance by the defendant. The evidence is uncontradicted that she still owns the land to be conveyed. The evidence shows the defendant clearly agreed to convey by warranty deed which implies an undertaking to convey free of her husband's right of curtesy. *Swanson* v. *Priest,* 95 N.H. 64, 58 A.2d 207 ( 1948 ); RSA 560:9. The evidence is also uncontradicted that her husband was present when the agreement was executed and when the survey was made. He showed no outward signs of being upset at the sale but rather "he appeared happy to be selling the property to us. " There is no basis on the record to presume that defendant's husband will refuse to join with her in the conveyance ordered by the court. *Rodman* v.

*Robinson,* 134 N.C. 503, 47 S.E. 19 ( 1904 ); *cf.* 11 Williston, Contracts *s.* 1422, at 758 ( 3d ed. W.H.E. Jaeger 1968 ).

*Exceptions overruled.*

All concurred.