Strafford
No. 91-378

HAWTHORNE TRUST

v.

MAINE SAVINGS BANK & a.

December 29, 1992

534

*McKittrick Law Offices*, of North Hampton (*J. Joseph McKittrick* on the brief and orally), for the plaintiff.

*Eldredge, Chubrich & Harrigan, P.A.*, of Portsmouth (*Michael E. Chubrich* on the brief and orally), for the defendant Joseph G. Sawtelle, Trustee of Cricklewood on the Bellamy Trust.

Defendant Maine Savings Bank filed no brief.

HORTON, J. The plaintiff, Hawthorne Trust, brought suit to enjoin a foreclosure sale and to determine the validity and nature of its interests in an easement. Joseph G. Sawtelle, Trustee, (Sawtelle) intervened and brought a motion to dismiss. The plaintiff appeals an order of the Superior Court (*Dickson*, J.) dismissing its request for a declaration of the validity and extent of its rights in the easement. We reverse and remand.

The parties stipulated to the facts in the proceedings below. On November 10, 1986, the plaintiff's predecessor in title, Hampstead Outlook, Inc. (Hampstead), and Sawtelle's predecessor in title, Joseph H. Johnson, Jr., entered into a purchase and sale agreement (agreement) for real property located in Dover. The agreement covered three parcels of property. Hampstead agreed to sell, and Johnson agreed to purchase, the parcels in a three-step transaction. The agreement to purchase Parcel 1 was absolute on satisfaction of the conditions of municipal approval, satisfactory title, and absence of hazardous waste. Hampstead's obligation to sell Parcel 2 was contingent on Johnson's prior purchase of Parcel 1, and Johnson's obligation to purchase was conditional on municipal approval having been obtained for Parcel 1. The purchase and sale of Parcel 3 is immaterial to this appeal. Section 10 of the agreement delineated the penalties Johnson would face if he defaulted on his conditional obligation to purchase Parcel 2:

> "In the event [Johnson] defaults in the performance of his obligation under this Agreement, the deposit shall become the property of [Hampstead] . . . The parties further agree that in the event [Johnson] defaults in his obligation to purchase Parcel 2 as provided herein, [Johnson] shall provide legal access to [Hampstead] or its Nominee over Parcel 1 to a public way for Parcel 2."

The parties made the agreement binding on all successors in interest and expressly stated that it contained all terms and conditions of the sale. The parties never recorded the agreement in the Strafford County Registry of Deeds. Johnson, acting through his nominee corporation, Bay Forest Development Corporation, purchased Parcel 1 on February 6, 1987, and shortly afterward gave a mortgage on the parcel to Maine Savings Bank. Sawtelle concedes that Maine Savings Bank took the mortgage with actual knowledge of the agreement. Johnson defaulted on his option to buy Parcel 2 and on his debt to Maine Savings. Hampstead conveyed title to Parcel 2 to the plaintiff. On June 23, 1989, Johnson granted the plaintiff three easements across Parcel 1 pursuant to section 10 of the agreement. Although section 10 gave the plaintiff only the right to legal access to a public way, Johnson granted it a transportation easement, a utility easement, and a sewer easement.

The following month, the plaintiff discovered that Maine Savings was planning a foreclosure sale on Parcel 1. It filed a petition for a temporary restraining order on July 24, 1989, asking the court to

enjoin Maine Savings from holding the sale, and asking the court to declare its interests in Parcel 1, created by section 10 of the agreement and defined by the June 23, 1989 easement conveyances, to be superior to Maine Savings' mortgage. If the plaintiff's interests were superior to Maine Savings' mortgage, the purchaser at the foreclosure sale would take the property subject to the plaintiff's equitable rights to an easement of some sort in favor of the Hawthorne Trust. The trial court denied the temporary restraining order on July 25, 1989, and two days later Maine Savings sold Parcel 1 at foreclosure to its wholly owned subsidiary, CRE I Real Estate Corporation (CRE). CRE, in turn, sold the property to Sawtelle on March 23, 1990. Sawtelle intervened in this suit and moved to dismiss. The trial court granted the motion to dismiss. Citing RSA 477:3-a, the court found that Maine Savings Bank was a bona fide purchaser for value despite its knowledge of the agreement, and, therefore, its recorded mortgage was superior to any interest created by the unrecorded agreement. The trial court held in the alternative that the plaintiff's claims were barred by the application of the doctrine of equitable estoppel.

In reviewing the findings and rulings of the trial court, we will uphold them "unless they are unsupported by the evidence or are erroneous as a matter of law." *Zimmerman v. Suissevale, Inc.*, 121 N.H. 1051, 1054, 438 A.2d 290, 292 (1981). Our standard is not whether we would rule differently, but rather, could a reasonable person "have reached the same decision as the trial court based on the evidence before it." *Id.* In a case such as this, however, in which the facts were stipulated and the trial court had no opportunity to observe the demeanor and credibility of the witnesses, our standard of review is broadened. *See Hillside Assocs. of Hollis v. Maine Bonding & Cas. Co.*, 135 N.H. 325, 330–31, 605 A.2d 1026, 1029 (1992).

Assuming that the plaintiff's contractual right to an easement is "an interest in real estate," the priority of the parties' interests in Parcel 1 is controlled by statute. RSA 477:3-a states:

> "Every deed or other conveyance of real estate and every court order or other instrument which affects title to any interest in real estate, except probate records and tax liens which are by law exempt from recording, shall be recorded at length in the registry of deeds for the county or counties in which the real estate lies and such deed, conveyance, court order or instrument shall not be effective as against bona fide purchasers for value until so recorded."

In order to determine the parties' interests we must answer two questions. First, is the assumption correct that the agreement created "any interest in real estate" under RSA 477:3-a? Second, was Maine Savings a bona fide purchaser for value, thereby cutting off any interests created by the agreement?

■ In answer to the first question, we hold that a contractual provision in a purchase and sale agreement may create an equitable interest in real estate, and, therefore, such a purchase and sale agreement will be an "instrument which affects title to [interests] in real estate" as defined in RSA 477:3-a. Our prior decisions support this proposition. See Swanson v. Priest, 95 N.H. 64, 66–67, 58 A.2d 207, 209 (1948); Smith v. Wedgewood Builders Corp., 134 N.H. 125, 131, 590 A.2d 186, 189 (1991). The equitable interest in the right of way created by the agreement in this case is an "interest in real estate" subject to the burdens and benefits of RSA 477:3-a.

Pursuant to RSA 477:3-a, absent a recording, any interests created in real estate will be cut off by a conveyance to a bona fide purchaser for value. Smith, supra at 131, 590 A.2d at 189. Was the mortgage conveyance to Maine Savings Bank a conveyance to a bona fide purchaser for value? We find that it was not, and therefore the plaintiff's interests were not cut off.

■ A bona fide purchaser for value is one who acquires title to property for value, in good faith, and without notice of competing claims or interests in the property. See Continental Cablevision of N.H. v. Osgood Lodge, 123 N.H. 215, 219, 459 A.2d 263, 266 (1983). Such competing interests may include equitable interests. Raub v. General Income Sponsors of Iowa, Inc., 176 N.W.2d 216, 219 (Iowa 1970). The parties in the instant action do not contest that Maine Savings took the property for value and in good faith, but Sawtelle conceded at oral argument that Maine Savings took with actual knowledge of the agreement. This court has held that actual knowledge of a competing claim or interest is the same thing as actual notice. J.R. Townsend Company v. New Hampshire Auto Co., 104 N.H. 81, 84, 178 A.2d 688, 690 (1962); Tucker v. Tilton, 55 N.H. 223, 225 (1875).

■ Sawtelle argues that if we find that Maine Savings is not a bona fide purchaser for value, then the plaintiff's claims should be barred by the doctrine of equitable estoppel. The trial court adopted this argument as an alternative ground for dismissal. Equitable estoppel forbids one from speaking against one's own acts, representa-

tions, or commitments to the injury of one to whom they were directed and who reasonably relied upon them. *Great Lakes Aircraft Co. v. City of Claremont*, 135 N.H. 270, 290, 608 A.2d 840, 853 (1992). The essential elements of equitable estoppel are:

> "(1) a representation or a concealment of material facts; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced to act upon it to [its] prejudice."

*Town of Nottingham v. Lee Homes, Inc.*, 118 N.H. 438, 442, 388 A.2d 940, 942 (1978). "The burden of proving estoppel is upon the party asserting it, and its existence is a question of fact to be resolved by the trier of fact." *Olszak v. Peerless Ins. Co.*, 119 N.H. 686, 690, 406 A.2d 711, 714 (1979). As stated above, in light of the nature of the proceedings in the trial court, we will review the trial court's findings of fact with a broadened standard of review. Sawtelle lists six facts that it argues warrants the application of equitable estoppel. We address each in turn.

First, Sawtelle argues that the plaintiff waited over two years before recording its easement. The plaintiff was not entitled to record an easement with the purchase of Parcel 1. This right accrued sometime later when it became clear that Parcel 2 would not be purchased and that the owner of Parcel 2 would find the easement important. Maine Savings Bank was aware of the equitable right to the easement when it took its mortgage. The claimed easement was properly recorded before the foreclosure, so all subsequent owners of Parcel 1 were on notice of the easement. The time of recording makes no case for equitable estoppel.

Second, Sawtelle makes two arguments that the plaintiff's predecessor in title, Hampstead, stood by silently when it should have recorded its claim. First, citing to exhibits outside of the stipulated facts, Sawtelle argues that the plaintiff stood by silently while the first buyer, Johnson, inflated the value of Parcel 1 in his loan application to Maine Savings, diverting $800,000 in loan proceeds. Second, Sawtelle argues that Hampstead was silent when Maine Savings disbursed the loan funds to Johnson. Assuming, arguendo, that Sawtelle's assertions about Johnson's misrepresentations are true, it is a harm unique to Maine Savings Bank, unrelated to the issue at hand, and, in any event, Maine Savings Bank had notice of the equitable

right to an easement. These claims are simply not material to the plaintiff's equitable rights against Sawtelle.

 Third, Sawtelle argues that the plaintiff has a remedy available at law. This claim is unrelated to equitable estoppel. The plaintiff's remedies are the subject of the suit dismissed below. The plaintiff was entitled to bring a suit in equity. In land contracts, specific performance will be decreed unless, in the discretion of the trial court, to do so would be inequitable or impossible. *Shakra v. Benedictine Sisters*, 131 N.H. 417, 421, 553 A.2d 1327, 1330 (1989).

Fourth, Sawtelle argues that the plaintiff seeks retroactively to expand its right of "legal access," as specified in section 10 of the agreement, to encumber Sawtelle's property with three separate and distinct easements. Again, this is unrelated to the issue of equitable estoppel. Sawtelle's argument, otherwise, is correct in that the plaintiff cannot expand its equitable rights. Any attempt by the plaintiff to gain more rights, however, has nothing to do with whether the plaintiff has *any* right. As with the plaintiff's remedies, the nature and extent of the plaintiff's rights are the subject of the dismissed suit and may be addressed on remand.

Fifth, Sawtelle argues that Hampstead elected not to reserve an easement across Parcel 1 at the time of conveyance, and, therefore, the plaintiff, Hampstead's successor in title, should be estopped from asserting its rights under the agreement. There was no need for a reservation under the contemplated terms of the agreement. There is no point in reserving an easement across a piece of property if the same purchaser is going to buy the property the easement would benefit; it is perfectly logical to have a covenant to grant an easement upon the failure of a commitment to buy. For us to rule as Sawtelle suggests would create a severe restriction upon the ability of persons to freely structure their business transactions. Such a holding would effectively nullify conditional conveyances of interests in property. Further, all parties had timely notice of the easement interest.

Lastly, Sawtelle argues that we should apply the doctrine of equitable estoppel because the plaintiff made a cost-benefit decision and decided it was less expensive to pursue its claims in court than to purchase the easements from Sawtelle. The plaintiff has no duty to pay again for something to which it has a vested right.

The equitable estoppel claims are without support in the record, and it was error for the trial court to dismiss on this basis.

 Sawtelle brought into issue the propriety of the recorded easements and the extent of the equitable right available to the

plaintiff. The trial court's dismissal of the petition made such determinations unnecessary. In light of our holding on the dismissal, we remand for a determination of the scope of the plaintiff's interests created by the purchase and sale agreement and the propriety of the recorded easements.

*Reversed and remanded.*

BATCHELDER, J., did not participate in the decision of this case; the others concurred.